8b 679|
| 93  297|

CASE 47—PETITION—APRIL 25.

# Trustees of Hawesville v. Lander, &c.

### APPEAL FROM HANCOCK CIRCUIT COURT.

THE CENTER OF A STREET OR HIGHWAY IS THE LIMIT AND BOUNDARY OF LOTS OR LAND BOUNDED BY SUCH STREET OR HIGHWAY.

Where land is sold bounded on a highway, or upon or along a highway, the thread or center line of the same is presumed to be the limit and boundary of such land, in strict analogy with the case of a stream of water not navigable; and the same rule applies to a private street, as well in the city as in the country, opened by the grantor, upon which he sells house-lots bounding upon it.

J. W. KINCHELOE, . . . . . . . . . For Appellants,

CITED

6 Bush, 232, Trustees of Hawesville v. Hawes's heirs, and cases cited.

G. W. WILLIAMS, . . . . . . . . . . For Appellees,

CITED

3 B. Monroe, 516, L. H. & P. Turnpike Road Co. v. McMurtry.
6 Bush, 232, Trustees of Hawesville v. Hawes's heirs.
1 Marshall, 153, McMullen v. Brown.
1 Marshall, 406, Coleman v. Morrison.
2 Metcalfe, 482, Kelly v. Donahoe.
2 Washburn on Real Property, side-page 636.
Angell on Highways, sections 2, 24, 142.
Act to incorporate Hawesville, Session Acts, 1835-6, p. 242.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

It is manifest from the proof in this case that lots Nos. 3, 8, and 60 were sold to Lander long anterior to the act of the General Assembly establishing and incorporating the town of Hawesville. It does not appear that these appellees, or those under whom they claim, participated in any way in procuring the passage of such act. It can not therefore so operate as to divest them of any rights acquired by their purchases of these

lots; neither does their acceptance of deeds from the trustees of the town estop them to assert the claim set up in this action. These trustees were by law substituted for Hawes's heirs and the Hancock County Court, and their conveyances passed to Lander's devisees all right and title they had to demand from their original vendors. There is nothing in the opinion of this court in the case of the Trustees of the Town of Hawesville v. Hawes's heirs (6 Bush, 232) at all inconsistent with this view of the law.

It is therefore only necessary that the question as to the effect of a sale of real estate bordering upon a street shall be considered. The common law rule, as laid down by Mr. Washburn, is that "where land is sold bounded on a highway, or upon or along a highway, the thread or center line of the same is presumed to be the limit and boundary of such land, in strict analogy with the case of a stream of water not navigable; and the same rule applies to a private street, as well in the city as in the country, opened by the grantor, upon which he sells house-lots bounding upon it." (2 Washburn on Real Property, side-page 636.)

The same doctrine is recognized and approved by Chancellor Kent in his Commentaries (3d volume, page 433, 5th edition), and has been upheld by several of the American courts. While the exact question has not heretofore been settled by this court, the rule stated is recognized in the opinion heretofore referred to in the case of these appellants against Hawes's heirs. Conceding it to be the true rule, we must decide that the court below did not err in applying it to this case; nor was it error to refuse to refer the cause to the master. The pleading neither required nor authorized such reference.

Judgment affirmed.