Schneider, &c., v. Jacob, &c.

CASE 14—PETITION EQUITY—SEPTEMBER 22.

# Schneider, &c., v. Jacob, &c.

86  101
90  429

APPEAL FROM LOUISVILLE CHANCERY COURT.

DEDICATION OF STREETS.—Where the owner of land adjacent to a city exhibits a map of it, laying it out into building lots, streets and alleys, and sells the lots as bounded by such streets or alleys, this is an immediate dedication of the streets and alleys to the use of the purchaser and to the public, although they have not been actually opened; and where a lot thus sold fronts on a street, and the deed calls for the street as the boundary, the title passes to the center of the street, subject to the right of the public to the use; and if the street is never opened the purchaser is entitled to hold to the center of the strip of ground thus described as a street.

NEWTON G. ROGERS FOR APPELLANT A. SCHNEIDER.

A conveyance of land abutting on a highway or street carries the fee to the center, if the grantor has title. (Winker v. Peterson, 4 Zabriskie, 524; Paul v. Carver, 26 Penn. St.; Dodd v. Witt, 63 Mass., 139; 3 Kent's Commentaries, 428; Warren v. Southworth, 6 Conn., 471; Peck v. Smith, 1 Conn., 103; Cox v. Freedley, 33 Pa. St., 124; Wood v. Appal, 63 Id., 222; Baker v. Chester Gas Co., 73 Id., 121; Robinson v. Myers, 67 Id., 17; Trutt v. Spatts, 87 Id., 341; Spackman v. Steidel, 88 Id., 458; Delphi v. Evans, 36 Ind., 90; Washburn on Real Property, vol. 3, p. 360; Washburn on Easements and Servitudes, section 18; Rowan's Ex. v. Trustees of Portland, 8 B. M., 237; Wickliffe v. Bascome, 7 B. M., 686; L. & O. R. R. Co. v. Appelgate, 8 Dana, 294; Wickliff v. City Lexington, 11 B. M., 163; Trustees of Hawesville v. Lander, 8 Bush, 680; Clark v. Commonwealth, 14 Bush, 166; 2 Dillon on Municipal Corporations, 606.)

JOHN W. McGEE FOR APPELLANT ANNIE E. MARCELL.

Cites: Trustees of Hawesville v. Lander, 8 Bush, 680; Campbell v. Kaye, MS. Op., Court of Appeals of Ky., Oct. 13, 1880; Smith's Leading Cases, vol, 2, p. 235; Payne v. Hall, 18 B. M., 457; Wickliff v. Lexington, 11 B. M., 162; Newport v. Taylor, 16 B. M., 803; Kimball v. City of Kenosho, 4 Wis., 326; White v. Flannagan, 1 Maryland, 340; Mayor, &c., v. City of New York, 2 Wend., 475; 7 Cummins, 329; 9 Gray, 441; 7 Gray, 26; 1 Wend., 262; 42 Barb., 468; 23 N. Y., 61; 9 Gray, 447.

BROWN, HUMPHREY & DAVIE for appellants.

No brief in record.

JOHN B. BASKIN for appellees.

That a deed to abutting land should by implication convey title to the middle of a street, title to the whole must be in the grantor—and the street must have been opened or established by long use.  (Palmer v. Daugherty, 33 Me., 506; Sutherland v. Jackson, 30 Me., 466; Bangor House v. Brown, 33 Me., 314; Codman v. Evans, 1 Allen, 443; Brizza-laro v. Senour & Noonan, 6 Ky. Law Rep.; 10 Pick., 249; 7 Gray, 25; 59 Me., 110; 2 Met. (Ky.), 104; Goddard on Law of Easements, 462, 463.)

JUDGE BENNETT delivered the opinion of the court.

Prior to 1837, John I. Jacob and Garnett Duncan, preparatory to selling a piece of land which they owned adjoining the city of Louisville, laid the same off into lots, streets and alleys.  They also prepared and recorded in the county court clerk's office a map or plat, which designated the said lots, streets and alleys. On the plat this piece of ground was called "Jacob's and Duncan's Western Addition."

In this "addition," Main street was laid off, which was designated on the map as running east and west, and Twenty-fourth, Twenty-fifth, and Twenty-sixth streets were laid off and designated on the map as intersecting Main street, and running north and south,

On the twenty-eighth of October, 1837, Jacob and Duncan sold by deed, duly acknowledged and recorded, to Jacob Marcell, a lot of ground which the deed describes as lying on the east side of Twenty-sixth street, and bounded by Main and Twenty-sixth streets and an alley.

On the fourteenth of October, 1837, Jacob and Duncan sold, by deed duly acknowledged and recorded,

another lot of ground, which was included in their plat, to Jacob Marcell. This lot of ground is described in the deed as lying on the east side of Twenty-sixth street, and bounded by Main and Twenty-sixth streets and an alley, etc. There was no reservation in either deed of Twenty-sixth street or the alley.

A portion of the appellants own these lots by a regular derivation of title from the original vendee, Marcell ; and the boundaries of the lots in each conveyance are the same as those given in the deeds from Jacob and Duncan to Marcell.

In 1836, Jacob and Duncan sold by deed, which was duly acknowledged and recorded, a parcel of ground abutting on Twenty-sixth street, and lying south of that sold to Marcell. In this deed, Jacob and Duncan reserved Twenty-sixth street. The vendee failing to pay for this parcel of ground, Jacob purchased it at commissioner's sale for the satisfaction of the purchase money, and this property having been allotted to some of Jacob's devisees in a division of his property, said devisees sold the same to F. and John Bogens, a portion of the appellants. In their deeds of conveyance, the property is described as being bounded by Twenty-sixth street, etc. But Twenty-sixth street is not reserved in either of said deeds.

Many years after said conveyances by Jacob and Duncan, the city of Louisville, said "addition" having become a part of the city, opened a street, which was designated as Twenty-sixth street, west of the strip of ground designated on the Jacob and Duncan map as Twenty-sixth street. The strip of ground which was designated on the Jacob and Duncan plat as Twen-

ty-sixth street was never opened and used as a public street.

The appellees instituted suit in the court below against the appellants for the purpose of recovering the strip of ground designated on the Jacob and Duncan plat as Twenty-sixth street. The appellants contested the appellees' right to the strip, upon the ground that, by virtue of the conveyances above mentioned, they owned to the center of said street. The lower court decided in favor of the appellees. The appellants have appealed to this court.

The appellants resist the appellees' claim to the strip of ground in controversy upon the ground that by the act of dividing said parcel of ground into lots, streets and alleys, adjoining the city of Louisville, with a view of making the same a part of the city of Louisville, and then selling the lots to purchasers, referring in the deeds made to them to the streets and alleys thus laid off, and making them the boundary of the lots thus sold and conveyed, Jacob and Duncan dedicated the streets and alleys to the use of the purchasers and the public.

It is well settled that where the owner of land lays out and establishes a town, with various plots of spare ground, such as streets and alleys, and sells lots with clear reference to that plan, he thereby conclusively dedicates such streets and alleys to the use of the purchasers and the public. The owner, by his plat of the town, which defines the streets and alleys, and by his deeds of conveyance to the purchasers, which call for these streets and alleys as boundaries to the lots sold, covenants with the purchaser that the streets and alleys are dedicated to their use and that of the public.

(Rowan v. Town of Portland, 8 B. M., 232, 237; Wick-liffe v. City of Lexington, 11 B. Mon., 163.)

And the principle is also well-settled that where the owner of land lays the same out into building lots, streets and alleys, and exhibits a map of it, which defines the lots, streets and alleys, though the streets and alleys are not yet actually opened, and sells the lots as bounded by such street or alley, this is an immediate dedication of such street or alley to the use of the purchaser and to the public. See notes to Dovaston v. Payne, Smith's Leading Cases, volume 2, part 1, 8th edition, page 160, and cases there cited.

These principles apply primarily in the interest of purchasers of lots who invest their money upon the faith of the assurances of the seller that the streets and alleys which are defined in the plat or map, and which are called for in the deeds of conveyance, are dedicated to the use of the purchasers and to the public. The purchasers invest their money with the assurance that they shall have all of the advantages arising from the streets and alleys as defined and delineated in the plat or plan of the newly created town. And that these streets and alleys, as soon as lots are purchased, with clear reference to them, become irrevocably dedicated not only to the personal convenience and necessities of the purchasers, but to the use of the public. And although these streets and alleys may not be actually opened by the authority of the city or town; although they may be repudiated as public thoroughfares by the city, as in this case, and different streets and alleys opened up in their stead; yet the purchasers of the lots, with clear reference to the streets and alleys as defined in the map

or plan, are entitled, as between them and the seller, to
the benefits of the dedication.  The seller, for a valu-
able consideration, so covenanted with the purchasers ;
and by that covenant the seller is irrevocably bound ;
and no subsequent action of the town or city which
frustrates the plan of dedication can relieve the seller
of his covenant to the purchasers.  Therefore, the fact
that the city of Louisville, many years after the sale
of said lots and the dedication of said street, located
Twenty-sixth street at a different place from that in-
dicated by the Jacob and Duncan map, whereby the
same was never brought into use as a public street,
can furnish no legal grounds for disregarding Jacob's
and Duncan's covenant with the purchasers of the lots.

Having seen that the strip of ground in controversy
was dedicated by Jacob and Duncan to the use of the
purchasers of the lots and the public, and that, so far as
the public is concerned, said strip of ground has been
abandoned as a thoroughfare, it remains to be deter-
mined whether the appellants are entitled to any of the
strip.    They claim one-half of it.

Where land, as in this case, is laid out in town lots,
with streets and alleys, and the owner sells a lot which
fronts on a street, and the deed calls for the street
as the front boundary of the lot, as in this case, he
receives a full consideration for the street in the
increased value of the lot.  The purchaser of the lot,
doubtless, would not have purchased it but for the
usual benefits of the street ; he, therefore, pays an in-
creased price for the lot.  He purchases the lot with
the understanding that he may build houses fronting
on the street, with windows, doors and door-steps,

and that the doorsteps may extend beyond the line of the street; also, that he may construct vaults below the surface of the street; and vaults in cities of considerable size are nearly always constructed under the sidewalks, and they are sometimes extended to the center of the street. Their construction as depositories for fuel and other necessaries is highly necessary. Shade trees, posts, awnings, etc., are also necessary protections and conveniences. If the grantor held a property right in the street up to the dividing line between the street and the lot, he could deprive his vendee of the right of ingress from the streets into his house, and exit from it, of light and air, and of planting shade trees and erecting posts and awnings, and of constructing vaults. In other words, if the vendor retained the right of property in the street up to the dividing line between the lot and the street, he might prohibit the erection or construction of any of these necessary improvements, and thereby render the lot valueless to the purchaser. Suppose that the street belonged to the original grantor, and that it is vacated as a public thoroughfare; he is then the owner of a strip of ground just the width of the street, and which may be several miles long, and that he has no access to except at each end. This would certainly be a description of property that it is not probable that either party contemplated as remaining in the grantor.

On the one hand he is hedged in by the adjacent lot-owners; on the other he destroys a reasonable use of their property; nothing could come of this state of things but mutual annoyance and inconvenience. For these reasons the correct rule seems to be that where the

lot fronts on a street, and the deed calls for the street as the boundary, the title passes to the center of the street, subject to the right of public use. The street, in such a case, is regarded as a single line; and as a single line it becomes a boundary of the lot. It is as a tree or a rock which is called for as a boundary. And where a tree or rock is called for as a boundary, the terminus of the line is ordinarily the center of the tree or rock, unless the vendor's title to the property conveyed extends only to the edge of the tree or rock ; and in the same manner the street is a monumental boundary ; and if the vendor holds the title to the street, he conveys to the center thereof as the dividing line. The fact that the description only brings the lot to the edge of the street can make no difference, for the description which thus brings the lot to the edge of the street must be merely understood as specifying the land that the purchaser may hold and use as exclusively his own, and as defining the line at which the public easement begins ; the purchaser owning, subject to that easement, to the center of the street. (Paul v. Carver, 26 Penn. St., 223.)

Brizzalaro v. Senour, &c., 82 Ky., 353, does not conflict with the position taken in this case. In that case Arnold executed to Barbaro a conveyance to a certain lot of ground in the city of Covington. The deed designated one of the lines as follows : ''Thence northwardly with the east line of said bridge company sixty-five feet to a ten foot alley (which extends from the east line of the said bridge property to Greenup street, running parallel with said Second street), eastwardly,'' etc. Afterwards, Arnold conveyed

to Mrs. Boyd the adjoining property, including the alley. The testimony showed that, at the date of these conveyances, "no such alley had been laid out on the ground," nor was it indicated by any plat or map or survey made by Arnold or any one else. Therefore, this court held, first, that the recitals in the conveyance did not amount to a dedication of the alley, nor did they amount to a grant. Second, that as between Arnold and his vendees, the recitals in the conveyance would estop Arnold and his privies from denying the existence of the alley; and third, that in the absence of such privity of title, the doctrine of estoppel did not apply.

Wilkins v. Barner, 79 Ky., 323, is also relied on by the appellees. In that case, the appellee justified his entry upon the appellant's land upon the ground that the land was a public highway. This court held in that case, that "in order to constitute a dedication of a road or street to the public use, the road or street must be accepted by the county court or town upon their records, or by the continued use and recognition of the ground as a public highway for such a length of time as would imply an acceptance." So, there is nothing in this case that conflicts with the principles announced in the case at bar.

The judgment of the lower court is reversed, with directions to dismiss the appellees' action.