CASE 69—PETITION EQUITY—SEPTEMBER 27.

# Jacob, &c., v. Woolfolk, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. WHERE LOTS ARE SOLD AND DEEDS MADE WITH REFERENCE TO STREETS AND ALLEYS DESIGNATED ON A PLAT, and a deed calls for a street or alley as a boundary, the grantee acquires title to the center of the street or alley, subject to the right of the public to the use; and if the street or alley is never opened the purchaser is entitled to hold to the center of the strip of ground thus described as a street or alley. And parol testimony is not competent to show the intention of the parties.

2. PURCHASE OF LAND TO WHICH PURCHASER ALREADY HAD TITLE.— RECONVEYANCE TO GRANTOR FOR PURPOSE OF RESCINDING CONTRACT.—Where the grantee in such a deed purchased and paid for a strip of ground described in his deed as an alley, supposing that he had no title to any part of it, when, in fact, he owned to the center, a deed reconveying the strip of ground to the grantor, executed for the purpose of rescinding the contract, did not pass the purchaser's title to the one-half he owned, but left the title just as it was before the contract was made.

A. E. RICHARDS FOR APPELLANTS.

While the conveyance of land abutting upon a highway usually passes the fee to the middle of the way, the rule does not apply where the contrary is stated in the deed, or where the fee in the way is reserved from conveyance; nor does it apply where the way has never been accepted, and has been notoriously abandoned and fenced up, and where the deed conveying the adjoining lot does not describe it as abutting on a way or alley; but, on the contrary, expressly stipulates

that the grantor may convey the alley to other parties. And it is a condition precedent to the application of the rule that the grantor shall own the fee in the way. (Tyler v. Hammond, 11 Gray, 213; Sibley v. Holder, 10 Pick., 249; Jackson v. Hathaway, 15 Johns, 454; Bangor House v. Brown, 33 Maine, 313; Southerland v. Jackson, 30 Maine, 466; Palmer v. Dougherty, 33 Maine, 506; Davis v. Rainsford, 17 Mass., 307; Thomas v. Patton, 13 Maine, 329; O'Linda v. Lathrop, 21 Pick., 296; Brainard v. B. & N. Y. C. R. Co., 12 Gray, 408.)

BROWN, HUMPHREY & DAVIE for appellees.

1. The alley was laid out by the Jacob heirs on a plat, and lots were sold as running back to that alley. This amounted to a dedication of the alley to the use of the public, and to the use of the neighboring lot owners, and there is no need to show that the public has accepted it. (Rowan v. Portland, 8 B. Monroe, 237; Elizabethtown R. R. v. Thompson, 79 Ky., 53; Schneider v. Jacob, 86 Ky., 101; Noonan v. Lee, 1 Black., 504.

2. The conveyance of a lot as extending to an alley or street is a conveyance to the middle thread of that alley or street. (Hawesville v. Lander, 8 Bush, 680; Schneider v. Jacob, 86 Ky., 101; Dovaston v. Payne, 2 Smith's Leading Cases, 162.)

3. And this is the case, although the streets or alleys are not opened at the time. (Jurlat v. Morgan, 48 Wis., 248; Easton's Appeal, 81 Pa. St., 89; Townley's Case, 24 Kansas, 329.)

4. As the Jacob heirs had, by their dedication of the alley, and by selling lots adjoining each side of it, conveyed away all their rights to the land covered by the alley, they had no right to sue for said land. (Schneidor v. Jacob, 86 Ky., 101.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants, as the devisees of John I. Jacob, brought this action of ejectment against the appellees to recover the possession of ten feet of ground, the southern half of an alley, fronting on Second street, in the city of Louisville.

John I. Jacob, the ancestor of the appellants, directed in his will that all his estate be divided among his children. The commissioners who were appointed to divide his estate, in a suit instituted for that pur-

pose, laid off the property of said Jacob, a part of which is now in controversy, into lots, with appropriate streets and alleys. Among other blocks thus laid off was one bounded by First and Second streets on the east and west, and Breckinridge and College streets on the north and south. There were assigned to Mrs. Tyler, and conveyed to her, lots Nos. 15 and 16. The lots thus conveyed were described by their numbers only. Subsequently, Mrs. Tyler conveyed these lots in the same way, by their numbers. Finally, Henry Meade became the purchaser of these lots by metes and bounds, calling for the alley now in controversy; but said alley never having been opened as such, and half of its width having been closed by Meade's predecessor in the ownership of said lots, Meade extended the fence so as to include the entire width of said alley, to wit: twenty feet. He, it seems, not knowing that he was the owner of half of said alley, and believing that the appellants were the owners of all of it, purchased the same, the conveyance being by deed, from the appellants; and in consideration thereof Meade conveyed to the appellants a piece of real estate, lying in another part of the city. After this, Meade, as he says, learned that the appellants had no title to the said alley that they conveyed to him, and they rescinded the contract, each reconveying by a quit claim deed the parcel of land that the other had conveyed him. Meade states, in substance, that, learning that the appellants had no title to said strip of ground, the object of the reconveyance was simply to rescind the contract of exchange, and place each party in *statu quo.*

Now, did the conveyance of these lots, calling for the streets and alleys as laid off in the plat, or, as said by this court with clear reference to such streets and alleys, pass the title to the purchaser to the center of the street or alley, provided the seller's title extended to the center thereof? We, in the case of Schneider, &c., v. Jacob, &c., 86 Ky., 101, and other cases, held that it did. It was held in the Schneider case that the street in such case was to be regarded as a "single line, and as a single line it becomes a boundary of the lot. It is as a tree or a rock which is called for as a boundary. And where a tree or rock is called for as a boundary, the terminus of the line is ordinarily the center of the tree or rock, unless the vendor's title to the property conveyed extends only to the edge of the tree or rock; and in the same manner the street is a monumental boundary; and if the vendor holds the title to the center of the street he conveys to the center thereof as the dividing line." And if he owns the adjacent property, his vendee, calling to abut on said street, acquires title to its center also.

As alleys are dedicated as essential ways to the back entrance to lots, the same reason exists, when the lots are sold with a clear reference to them as boundaries, for holding that the center thereof is the dividing line. In such case the intention of the parties is to be drawn from the deed. As seen, the street or alley is to be regarded as a single line, and the conveyance is to be treated as being to the center thereof, the same as if a tree or rock had been called for. In other words, the center of the street or alley is one of the lines called for in the deed, and as long as the deed stands unattacked

for fraud or mistake, it is to be conclusively presumed that it speaks the intention of the parties. Of course, the parties may agree in the deed that the edge of the street is to be the dividing line. So, also, may they agree as to the tree or rock. Where the streets and alleys are designated on the plat, and the lots are purchased, and the deeds made, in reference to them, although they are never brought into public use, they become a part of the purchaser's rights, under the deed, in the manner indicated in the Schneider case, and any restriction of those rights must be found in the deed. To allow the verbal intention of the parties to prevail against this written evidence, would be to violate one of the most thoroughly settled rules of evidence.

Mrs. Tyler and her vendees, including Meade, acquired, by their respective deeds, the title to the center of the alley, and the appellants, at the time they attempted to convey to Meade, had no title to convey to him. He was then the owner of the ten-foot strip, and acquired nothing by the conveyance of it by the appellants; and that fact being realized by the parties, as the court below found, and as we think upon sufficient evidence, they rescinded the contract by reconveyances, which had the effect to reconvey to each party the title that he had theretofore conveyed, and as no title was conveyed by the appellants to Meade, as far as the ten feet were concerned, he certainly, by this contract of rescission, conveyed no title back to them. Such was not the intention. The only object was, by the reconveyances, to put them-

selves in *statu quo*, leaving each party, as to title, where he was before he had made the first conveyance. The lower court so adjudged it. Let the judgment be affirmed.