## Coppin v. Manson.

(Decided September 26, 1911.)

Appeal from Kenton Circuit Court
(C. C. L. & E. Division).

1. Cities—Land Plotted Into Streets and Lots.—The owner of a tract of land having plotted it into streets and lots and filed the plot in the clerk's office and sold off the lots according to the plot, is not entitled to the land plotted as one of the streets, if the street should not be opened at this point, but the title is in the abutting lot owners to the center of the street as plotted.

2. Same.—If a block that is so plotted is 33 feet longer than it is plotted, the excess belongs to the lot owners after sixty years, and cannot be regarded as unsold land.

MYERS & HOWARD for appellant.

LESLIE T. APPLEGATE, LEWIS L. MANSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Edward W. Sehon, who then owned a tract of land near Covington, Kentucky, about the year 1850, plotted it off into streets and lots, and filed the plot in the county clerk's office. He then sold off a number of the lots; among others he conveyed lot 217 on May 16th, 1851, to R. Conkling. This lot by regular conveyances passed to Edward Manson. According to the plot it lies at the intersection of Hamlen and Caroline streets, fronting on Hamlen street 33 feet, and running back with Caro-

line street 100 feet. The situation is shown on the following plot, which is a copy of so much of the original plot as is here material:

It will be observed from the plot that the lot lying between 217 and 216 was not numbered. Sehon being dead his heirs at law on January 27th, 1893, conveyed this lot to William Webb, Jr., who now holds it. On July 14, 1893, they conveyed to John R. Coppin all the unsold land in the original survey which had been plotted into lots. Coppin brought this suit on September 18, 1910, against Manson to recover 33 1-3 feet of ground on Hamlen street at the northeast corner of Caroline and Ham-

len streets and extending back northwardly 100 feet, alleging that he was the owner of this lot. On a trial of the case before a jury at the conclusion of all the evidence, the court instructed the jury peremptorily to find for the defendant. Coppin appeals.

Both the parties claim under Sehon. Manson got his title from Sehon in 1851; Coppin claiming under a deed made by the heirs of Sehon in 1893, or 42 years after the deed was made under which Manson claims. It is evident, therefore, that the title of Manson is superior to the title of Coppin; and the only ·question to be determined is what land passed under the deed which Sehon made in 1851, under which Coppin claims. In that deed the property is described simply as lot 217 on the plot. But the plot had been recorded and is referred to in the deed. It may be read, therefore, in connection with the deed to show what was lot 217. It shows the location of the lot as in the above copy; that is, it shows it was a corner lot fronting on Hamlen street 33 feet and running back with Caroline street 100 feet. The lot which Manson now holds is the corner lot at the intersection of these streets and of the dimensions shown in the plot. But it is insisted for Coppin that he owns a lot 33 1-3 feet wide and running back 100 feet lying between Manson's lot and Caroline street. This is the sum of his claim.

The plot shows that it is 400 feet from Caroline street to Rogers street. The proof for Coppin shows that as these streets are now located, it is 433 1-3 feet from Rogers street to Caroline street, and Coppin insists that this being true, there are 33 1-3 feet of unsold land in this square. The fact that the square as now laid off measures 433 1-3 feet instead of 400 feet as plotted, results from one of two things; either, one of the streets has not been established where it was laid off, or a mistake was made in the original survey.

There is proof in the record showing that Rogers street is not where it was laid off, and that this is the cause of the discrepancy, but whether this is true or not, the evidence does not show that Caroline street is not now where it was located on the plot. The evidence only shows that the block in fact measures 433 1-3 feet. There is no proof that the other lots as now held are not the distance from Caroline street shown on the plot. The proof is conclusive that Webb has in possession the 33 feet lying next to Manson and this lot lies 33 feet from

Caroline street as now located. But if Caroline street is not now located where it should be as shown on the plot, it would not result, that this land not being used for a street, would revert to Sehon as unsold land; but on the contrary, if this land is not used as a street, the title would vest in the owner of the abutting lot to the center of the street as shown by the plot. (Schneider v. Jacob, 86 Ky., 101.)

If, as matter of fact, there was a mistake in plotting the land, and the square in fact measured 433 1-3 feet instead of 400 feet as it was plotted, Manson and the other purchasers would be entitled to the land they bought as shown by the plot. Manson is entitled to a corner lot 33 feet wide fronting on Hamlen street and running back 100 feet on Caroline street. To give him a lot 33 feet wide, 33 1-3 feet from Caroline street, would not be to give him the land he bought. In the same way Webb is entitled to a lot 33 feet from Caroline street not 66 1-3 feet from it. The purchasers at the other end of the block are entitled to their lots fronting on Rogers street. The same thing is true of the other purchasers. If the block is wider than 400 feet, it does not follow that there is any unsold land in it. It only follows that each lot must be run out a little wider than it is plotted; for the court can not after sixty years correct the mistake. In other words, the surplus land would be divided between the lots, as each purchaser would be entitled to his lot located as shown by the plot.

We, therefore, conclude that the circuit court properly instructed the jury to find for the defendant.

Judgment affirmed.