## Williams, et al. v. Johnson.

(Decided September 20, 1912.)

### Appeal from Laurel Circuit Court.

1. Streets—Establishment of Street Instead of Old Road.—By proper authority the city of London having converted a public road within its limits, upon which appellants' lots fronted, into a macadamized street and in doing so abandoned the use of part, but at no point more than the whole, of the old road bed in front of the lots, appellee, their grantor, by actions in ejectment against appellants, severally, sought to recover such part of the old road bed as lies between their lots and the new street, upon the ground that its abandonment as a public highway entitled him to same. Held.—(1) That as the deed by which appellee conveyed the lot described them as fronting and abutting on the old road, and the street was substituted for the old road, its construction and establishment by the city operated to include the abandoned road bed in appellants' lots, respectively, and extend the boundaries thereof to the edge of the street.

2.  Streets—Claim to Roadway—Estoppel.—The fact that the old
    road was at the time appellee conveyed appellants' lots an
    established public highway, and that the deeds called to run
    with same, not only vested in the grantees the grantor's title to
    the ground included in the road bed to the center thereof, sub-
    ject to the public easement, but likewise passed to them the use
    of the entire highway as an appurtenant easement; and when
    the street was established in lieu of the old road, it became an
    appurtenant easement to appellants' lots of which they would be
    deprived if appellee's claim to the abandoned road bed between
    the lots and the street were sustained. So both upon the ground
    of necessity and by the warranty expressed in the several deeds
    by which he conveyed the lots owned by appellants, appellee is
    estopped to claim any part of the abandoned road way.

C. C. WILLIAMS for appellants.

HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The five cases involved on this appeal were heard
together in the court below; the parties, having waived
the right of trial by jury, and submitted the law and facts
to the court for its decision. The questions presented
by the record being the same in each case, they will be
considered and determined by us in the one opinion.

The appellee, T. J. Johnson, some years ago, owned
ten and one-quarter acres of land in a suburb of the
city of London, from which he sold and conveyed to
the appellants, or their vendors, for building purposes,
certain lots abutting on what was then known as the
Manchester road. Later, these lots and the entire
suburb of which they were a part, were included within
the corporate limits of the city of London, and prop-
erly made a part of the municipality. When this was
done, the city authorities, as was their right, converted
the Manchester road into a macadamized street, and
named it Manchester street; in accomplishing which the
bed of the road in front of appellants' lots was, in the
main, abandoned. The strip of ground thus left be-
tween appellants' lots and Manchester street varies in
width from twenty to thirty-six and one-half feet; at
some points embracing half of the old road; at others,
all of it, but nowhere more than the width of the old
road. Appellee set up claim to all the ground in front
of appellants' lots, included in the old road bed, upon

the alleged ground that the appellants' deeds did not convey them the title to any part of the road bed, but left the title in him subject to the public easement, and that its abandonment as a roadway entitled him to the possession of the same. As appellants also claimed and were in possession of the ground in dispute, he brought against them actions in ejectment to recover it, and by the judgment appealed from was declared the owner and entitled to the possession thereof, but appellants were each given a narrow right of way over same in front of his lot to the street.

The answers to the petitions traversed the averments thereof, and by a second paragraph alleged appellants' ownership and possession of so much of the ground included in the old road as lies between their lots and the new street, resulting from the change and abandonment of the road and establishing of the street; and in addition alleged, in substance, that appellee had by sale and deed of general warranty, conveyed appellants, respectively, or the grantors of some of them, the lots south of and abutting on the old road, which passed to them the title to the ground occupied by the old Manchester road, subject to the public easement, the abandonment of which entitled them to the ground included in the old road bed, and its possession as well, and operated to extend the boundaries of their lots respectively to the street established in lieu of the old road. Moreover, that appellee's claim to the ground in controversy, if sustained, would prevent appellants from getting from their lots to the street and deprive them of its use and constitute a breach of the warranty contained in the several deeds by which appellee conveyed the lots. The second paragraph of each answer also contained a plea of estoppel based upon the deeds and the warranties referred to. The circuit court sustained demurrers to the second paragraph of the several answers, to which exceptions were taken. As the matters set up by these paragraphs, if established by proof, were sufficient to defeat the cause of action alleged in the several petitions, the ruling of the court upon the demurrers was error.

We think it manifest that the deeds by which appellee conveyed the lots, now owned by appellants, describe them as fronting and abutting upon the old road; indeed, at least two of them call to run to and with

the road, and the others for stakes at or in the road. It seems to be the universally recognized rule that the conveyance of land bordering on a public highway conveys title to the center of the highway, subject to its use by the public, whether it is so expressed in the deed or not; and where a conveyance, or a bond to convey, designates the public highway as one of the boundaries of the tract, it will, in the absence of language showing a contrary intention, be construed as including the highway itself to the center or middle thereof. Tiedeman on Real Property (3rd Ed.), section 601; 2 Washburn (side page), 636; 14 Encyclopedia of Law, 1181; 2 Ballard Law Real Property, section 48; Warbritton v. Demorrett, 129 Ind., 346; Silnay v. McCool, 86 Ga., 1; Firmstone v. Spalter, 150 Pa., 616.

In Trustees of Hawesville v. Landes, 8 Bush, 679, it is in the opinion said:

"The common law rule, as laid down by Mr. Washburn, is that where land is sold bounded on a highway, or along a highway, the thread or center line of the same is presumed to be the limit and boundary of such land, in strict analogy with the case of a stream of water not navigable; and the same rule applies to a private street, as well in the city as in the country, opened by the grantor, upon which he sells house lots bounding upon it."

The above rule has been approved in the following cases decided by this court: Schneider v. Jacob, &c., 86 Ky., 106; Jacob v. Washfork, 90 Ky., 429; Bright v. Palmer, 20 R., 772; Hommell v. Lewis, 23 R., 2299; Coppin v. Manson, 144 Ky., 634.

It is conceded that the construction of the street caused the abandonment of the roadway in front of appellants' lots, and it now becomes necessary for us to determine whether their right to the ground in controversy, embraces the whole or only half of such part of the old road as was abandoned. Leaving out of consideration appellants' title to the ground to the center of the old road, we think it clear that they are entitled both upon the ground of estoppel and necessity, to such part thereof as is not occupied by the street. The fact that the old road was at the time appellee conveyed appellants' lots, an established public highway, and that the deeds from the former called for and to run with same, not only vested in the grantees the grantor's title

to the ground extending to the center of the road, but likewise passed to them the use of the entire highway as an appurtenant easement. In other words, if a deed describes the land conveyed as bounding on a public street or highway, the right to have it kept open passes to the grantee as an appurtenant easement; and although the public authorities be empowered to change such street or highway, or substitute another for it on land immediately adjoining the old highway, the changed or substituted highway becomes an appurtenant easement to the lot of the grantee and the grantor will be estopped to deprive him of such easement by asserting claim to any part of the abandoned highway that may be left lying between the lot and the substituted or new highway. Tiedeman on Real Property (3rd Ed.), section 601. This rule would, we think, justly apply, too, on the ground of necessity alone, even if the deed conveying appellants' lots had expressed an intent not to grant title to the soil of the old road, as the lots would be practically valueless to the owners without the easement afforded by the street established in lieu of the old road.

The doctrine under consideration seems to have been applied by this court in the case of Bland Ballard, &c. v. The City of Louisville (manuscript opinion), 3 Ky. Opinions, 31, in which the right of the city to reduce the width of a street from ninety-nine to sixty-six feet was involved, the thirty-three feet excluded being taken from one and the same side of the street. With respect to the excluded ground, the court said:

"The portion of said street, as originally dedicated, thus relieved of the public easement, shall inure to the benefit of the holders of lots adjacent thereto; that is, that the portion in front of each lot being thus rid of said easement, shall inure to said lot and the owner thereof."

While it is true that the owners of the lots on the opposite side of the street had on their side of the street equal title to half the ninety-nine feet of ground originally embraced in the street, subject to the public easement, they seem to have received no consideration in the decision, as rendered, because there was no exclusion of ground on their side of the street. But if the width of the street had been lessened by an exclusion of the ground on both sides, the excluded ground would

have inured to the use of the property holders on both sides.

For the reasons indicated, the judgment is reversed and cause remanded, with direction to the circuit court to dismiss the appellee's several petitions.