## Henry v. Board of Trustees of the Diocese of Kentucky.

(Decided March 17, 1925.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Boundaries—Highways—Grantee of Land Bounded by Highway Takes to its Center, and Abandonment of Highway Effects Reversion to Grantee Discharged of Easement.—Where land bounding highway is conveyed without reservation, grantee takes title to center of highway, and the abandonment of the highway effects a reversion to grantee of land discharged of highway as easement.

2. Highways—What Description in Deed of Land Bounding Highway is Sufficient to Work Reversion to Grantee of Land Discharged of such Highway as Easement Stated.—A deed conveying land adjoining a highway and describing it by lot, block, or tract number, with reference to a map or plat which shows that the property abuts on the highway, is sufficient in description on which to predicate a reversion to the grantee of the highway as an easement when the latter is abandoned.

3. Highways—Abandoned Highway, Adjoining Land Conveyed, Held to Revert to Grantee Discharged of Easement.—Abandoned highway 15 feet wide, adjoining and constituting boundary of land conveyed, held to have reverted to grantee discharged of highway as easement, where the strip was of little value or of practical use to grantor, and its ownership by another would entail great hardship on grantee.

4. Pleading—Chancellor's Refusal to Permit Filing of Amended Answer and Counterclaim Held Not Abuse of Discretion.—Chancellor's refusal to permit filing of amended answer and counterclaim held not abuse of discretion, where the pleading was not tendered until a year after the case had been submitted, and no good reason for the delay was shown.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

HENRY J. TILFORD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1906, W. H. Henry and Edward B. Henry conveyed lot 1, block A, Henry's Addition, in Louisville, to the rector and wardens of the Church of the Advent of the Protestant Episcopal Church in the diocese of Kentucky. The lot, which is located on Richmond avenue, is bounded on the west by lot 2, block A, and on the east by a 15-foot strip of land, which for many years had been used as a right of way by the Louisville & Interurban

Railroad Company and its predecessor in title, and which was still being used for that purpose at the time of the conveyance. On the other side of the strip of land is the Bardstown road. Upon a reconstruction of the Bardstown road in 1912, the railroad tracks were moved to the center of the highway and the right of way over the 15-foot strip was abandoned by the railroad company. In the year 1922, the Church of the Advent conveyed to the board of trustees of the diocese of Kentucky the same lot, together with so much of the 15-foot strip as lay between it and the Bardstown road.

The board of trustees of the diocese of Kentucky brought this suit against W. H. Henry to quiet its title to the 15-foot strip. Henry, who had acquired the interest of his brother, filed an answer and counterclaim denying the title of plaintiff, asserting title in himself, and asking that his title be quieted. From a judgment in favor of plaintiff, Henry has appealed.

The rule is, that where land bounded on a highway is conveyed without reservation, or language showing a contrary intention, the grantee takes title to the center of the highway, and when the highway is abandoned, or vacated, the land reverts to the grantee discharged of the easement. Hawesville v. Lander, 8 Bush 679; Schneider v. Jacob, etc., 86 Ky. 101, 5 S. W. 350; Banks v. Ogden, 2 Wall. 57, 17 L. ed. 818. In applying this rule it was held in Williams, et al. v. Johnson, 149 Ky. 409, 149 S. W. 821, that where an existing public highway was designated as one of the boundaries of land conveyed, the grantees obtained the right to use the entire highway as an appurtenant easement, and on a partial abandonment of the road, and the building of a new highway, such grantees from necessity and by estoppel of the grantor to deprive them of their easement, were entitled to all the abandoned highway between their lots and the substituted road, even though the boundary was thereby extended beyond the old highway. By the great weight of authority it is not necessary that the description in the deed shall in terms call for the highway, but sufficient if the conveyance be by lot, block or tract number, with reference to a map or plat, which shows that the property abuts on a highway. Jacob v. Woolfolk, 90 Ky. 426, 9 L. R. A. 551, 14 S. W. 415; Coppin v. Manson, 114 Ky. 634, 139 S. W. 860; Banks v. Ogden, *supra;* Berridge v. Ward, 10 C. B. N. S. 400, 142 Eng. Reprint, 507, 30 L. J. C. P. N. S. 218, 7 Jur. N. S. 876.

As to whether the rule applies to a railroad right of way, the authorities are conflicting. Among those holding in the affirmative are the following: Boney v. Cornwell, 117 S. C. 426, 109 S. E. 271; Richardson v. Palmer, 38 N. H. 212; Foster v. Foster, 81 S. C. 307, 62 S. E. 320; Wright v. Willoughby, 79 S. C. 438, 60 S. E. 971; Witter v. Harvey, 12 S. C. L. 67, 10 Am. D. 650; Church v. Stiles, 59 Vermont 642, 10 A. 674; Maynard v. Weeks, 41 Vermont, 617; Buffalo, etc., R. Co. v. Stigeler, 61 N. Y. 348. Those taking a contrary view are: Couch v. Texas & Pacific Railway Company, 90 S. W. 860, 99 Tex. 464; Huff v. Hastings Express Company, 63 N. E. 105, 195 Ill. 257; Williams v. Savannah, Florida & Western Ry. Co., 20 S. E. 487, 94 Ga. 540; Thompson v. Hickman, 1907, 1 Ch. D. 550. The reasons in support of the rule as applied to highways may be summarized as follows: The presumption is that the ground was originally taken from the adjoining owners for the sole purpose of being used as a thoroughfare; so narrow a strip of land is of little value and practical use to the grantor, but is of direct and substantial value to the grantee, and its use and occupation by another would seriously interfere with the grantee's ingress and egress and otherwise injure the adjoining land. McDonald v. Kummer, et al., 56 Col. 153, 137 Pac. 51; Mott v. Mott, 68 N. Y. 246; White v. Jefferson, 110 Minn. 276, 124 N. W. 373, 125 N. W. 262, 32 L. R. A. (N. S.) 778; Doe v. Pearsey, 7 B. & C. 304, 306, 14 E. C. L. 50, 108 Reprint 737; Schneider, et al. v. Jacob, *supra.*

In the case at bar the strip of land is only 15 feet wide. It lies between appellee's property and the public road. The license to use the strip as a right of way was given by the owner of the adjoining land. The strip is of little value, and of no practical use, to the grantor. It is of great value to the grantee, and its ownership by another would entail great hardship on it. In other words, the situation is precisely the same as if the land had been dedicated to highway purposes, and we see no reason why the same rule should not apply. It follows that the chancellor's ruling was correct.

A reversal is also asked because the chancellor refused to permit appellant to file an amended answer and counterclaim pleading the payment of street and sidewalk assessments amounting to $201.56. The pleading was not tendered until about a year after the case had

been submitted, and no good reason for the delay having been shown, the chancellor did not abuse a sound discretion in refusing to permit it to be filed.

Judgment affirmed.