## Avondale Heights Company v. Rhodes, et al.

(Decided March 2, 1928.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations.—Where street, as originally laid out and dedicated, was 100 feet in width, and all lots abutting thereon were conveyed to defendant company, which in turn conveyed to individual lot owners, but afterwards at their instigation, proceeded under Ky. Stats., secs. 4288, 4300, to reduce width of street, defendant company could not be ordered to reopen the street, title to abandoned part of street having vested in the property owners, though conveyance to them was by lot, block, or tract number, and compliance being therefore beyond defendant's power.

2. Municipal Corporations.—Where street, as originally dedicated, was 100 feet in width, and width was subsequently, under Ky. Stats., secs. 4288-4300, reduced to 60 feet, in suit by other property owners to compel reopening of street to its original width, lot owners who were affected were, under Civil Code of Practice, sec. 28, necessary parties.

WHEELER & HUGHES for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Several years ago Gregory Heights, a corporation, purchased a tract of land lying northwest of the city of Paducah, and subdivided it into lots, streets, and alleys. Some time later Gregory Heights conveyed all of its property to the appellant, the Avondale Heights Company, also a corporation. Block C of this subdivision runs from Forty-First street to Forty-Second street, and from Pines road to Central avenue. These streets of this subdivision were laid off on the plat of the subdivision which was duly recorded in the office of the county clerk of McCracken county, and which dedicated to public use the streets appearing upon it. Forty-Second street, which runs only from Pines road to Central avenue, was,

as originally laid out, 100 feet in width. Prior to April, 1925, the appellant conveyed away all of the property it owned in block C fronting on Forty-Second street, and since that time it has owned no property in block C fronting on this Forty-Second street.

In April, 1925, at the instigation of the property owners in block C, the appellant instituted proceedings in the McCracken county court to reduce the width of Forty-Second street from 100 feet to 60 feet (see Kentucky Statutes, secs. 4288 and 4300) by extending the property line of block C abutting on Forty-Second street 40 feet out into the street. A judgment was entered in the McCracken county court in accordance with the prayer of the petition filed in that proceeding. This is a suit brought by the owners of the property abutting on the side of Forty-Second street opposite to block C and the owners of certain property abutting on Forest avenue, which runs at an angle into Forty-Second street, to compel the appellant, in the words of the prayer of the petition, "to reopen and keep open said Forty-Second street for its entire length of the said width of 100 feet." By its answer, as amended, the appellant averred that it did not own, nor had it owned, at any time since long prior to April, 1925, any property abutting on Forty-Second street. It named the parties owning such property on Forty-Second street, and asked that they be made parties to this action. This seems never to have been done. By the second paragraph of its answer as amended, the appellant relied on the regularity and the claimed conclusiveness of the proceedings and judgment in the McCracken county court narrowing Forty-Second street, and by the third paragraph of the answer as amended it relied on an estoppel on the part of these appellees to question those proceedings and judgment. A demurrer was sustained to the second and third paragraphs of the answer as amended, and, the appellant declining to plead further, the court entered a judgment requiring it "to reopen Forty-Second street from the line of the intersection of said street with the Pines road to the point where said Forty-Second street intersects North Central avenue, to its original width of 100 feet, and that it maintain and keep said Forty-Second street open 100 feet in width from the line of the said Pines road to the line of the North Central avenue and shown on the plat as Gregory Heights subdivision." The appellant appeals.

The judgment of the lower court is erroneous, and will have to be reversed. It appears from the record without contradiction that at no time since 1925 has the appellant owned one foot of ground abutting on Forty-Second street. When it conveyed away the property it owned abutting on Forty-Second street, the grantees took title to the center of the street, and this although the conveyance was made to such grantees by lot and block number as shown on recorded plats. On the abandonment of any part of the highway on which such property abutted, title to such abandoned part up to the middle of the street vested in the abutting property owners. In the case of Henry v. Board of Trustees of Diocese of Kentucky, 207 Ky. 846, 270 S. W. 476, we said:

"The rule is that, where land bounded on a highway is conveyed without reservation, or language showing a contrary intention, the grantee takes title to the center of the highway, and, when the highway is abandoned, or vacated, the land reverts to the grantee discharged of the easement. Hawesville v. Lander, 8 Bush, 679; Schneider v. Jacob, etc., 86 Ky. 101, 5 S. W. 350, 9 Ky. Law Rep. 382; Banks v. Ogden, 2 Wall. 57, 17 L. Ed. 818. In applying this rule, it was held in Williams, et al. v. Johnson, 149 Ky. 409, 149 S. W. 821, that where an existing public highway was designated as one of the boundaries of land conveyed, the grantees obtained the right to use the entire highway as an appurtenant easement, and on a partial abandonment of the road, and the building of a new highway, such grantees from necessity, and by estoppel of the grantor to deprive them of their easement, were entitled to all the abandoned highway between their lots and the substituted road, even though the boundary was thereby extended beyond the old highway. By the great weight of authority, it is not necessary that the description in the deed shall in terms call for the highway, but sufficient if the conveyance be by lot, block, or tract number, with reference to a map or plat, which shows that the property abuts on a highway. Jacob v. Woolfolk, 90 Ky. 426, 14 S. W. 415, 12 Ky. Law Rep. 400, 9 L. R. A. 551; Coppin v. Manson, 144 Ky. 634, 139 S. W. 860; Banks v. Ogden, supra; Berridge v. Ward, 10 C. B. N. S. 400, 142 Eng. Reprint, 507, 30 L. J. C. P. N. S. 218, 7 Jur. N. S. 876."

If the proceedings of the McCracken county court had any efficacy whatever, a point we expressly do not decide, the title to the 40 feet abandoned as a highway vested in the abutting property owners, and not in the appellant. On the other hand, if such proceedings had no efficacy, it is the abutting property owners who are now occupying the 40 feet of Forty-Second street in dispute, and not the appellant. It is clear that the judgment ordered the appellant to do something which it cannot do, as it does not own the abutting property, and is not occupying the disputed portion of Forty-Second street. It is also clear that the judgment affects the property owners of block C whose property abuts on Forty-Second street without them having been made parties to this litigation. Such property owners are necessary parties to this action. In the case of Fiscal Court of Carter County v. Strother, 199 Ky. 825, 251 S. W. 1003, we said:

"Section 28, Civil Code, is as follows: 'The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice.'

"In construing this section it has been held that, although a failure to object for defect of parties is a waiver so far as the defendants are concerned, yet, where the cause is such that the court cannot render a decision between the parties without injuriously affecting the rights of others who are not before the court, it ought not to proceed until such other persons are made parties to the action. Johnson v. Chandler, 15 B. Mon. 584."

As the judgment required the appellant to reopen the disputed portion of the street, title to which it never got, and the occupancy of which it has never had, and as the property owners who are now occupying Forty-Second street either rightfully or wrongfully are essential parties to a proper disposition of this case, the judgment must be reversed, with instructions to proceed in conformity with this opinion.