Quay POTTER et al., Appellants,

v.

CITATION COAL CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

April 25, 1969.

Rehearing Denied Oct. 24, 1969.

Francis D. Burke, Burke & Justice, Jean L. Auxier, Pikeville, for appellants.

Donald Combs, Pikeville, for appellee Clinchfield R. Co.

Jack T. Page, Pikeville, for appellee and cross-appellant Citation Coal Corporation.

CLAY, Commissioner.

Appellee Citation Coal Corporation brought this suit for an injunction and damages arising out of the alleged interference with its right of ingress and egress to and from its leased property near Elkhorn City. Most of the material facts were stipulated. The Chancellor declared the rights of the parties, enjoined appellants from entering an area adjudged to be owned by Citation's lessor but awarded them $1.00 compensatory and $1.00 punitive damages. Citation has cross-appealed. The other appellee, Clinchfield Railway Company, is the owner of the land occupied by Citation and except on the question of damages their interests are the same. All parties claim under a common source of title.

In 1912 the Elkhorn Land and Improvement Company subdivided a large area in Pike County. The recorded plat showed a 20-foot street, designated "Clinchfield Street", running from north to south. In that year it sold to a railroad company, through whom appellees claim, a large tract of land on the west side of and abutting Clinchfield Street. In 1948 the Land company sold Blocks 11 and 12 lying on the opposite (eastern) side of this designated street to appellants. In 1950 the Highway Department acquired land east of Clinchfield Street for the reconstruction of Kentucky Highway 80, which paralleled the street east of appellants' property. In that year appellants conveyed to the Highway Department in fee simple most of their property, including a triangular strip which encompassed the width of Clinchfield Street from about the middle of appellants' Block 11 and tapered to the property line of appellants' Block 12 to the north. This left appellants with two small and apparently worthless strips opposite appellees' property. At this point and time Clinchfield Street was an unused gully. (Actual user or formal acceptance is not necessary to complete the irrevocable dedication by a recorded plat. Schneider v. Jacob, 86 Ky. 101, 5 S.W. 350.)

Between 1960 and 1962 appellees' predecessor constructed four silos and a coal-loading ramp and dock on the west side of Clinchfield Street just opposite the lots originally owned by appellants. To utilize this property and gain access to Highway 80, Clinchfield Street was filled in and an access permit was obtained from the Highway Department. In 1962 Citation leased a portion of this property which included the coal-loading ramp. When it attempted to truck coal to the ramp from Highway 80, appellants put up a fence on the west side of Clinchfield Street and otherwise sought to obstruct the use of this area. That brought on this lawsuit.

After appellants had deeded the major portion of their property to the Highway Department, they still owned two very small strips of land abutting Clinchfield Street on the east, and they also in 1963 obtained from the successor to the original subdivider a quitclaim deed to all of Clinchfield Street within the area here in controversy. The position of appellants is that they are the owners of Clinchfield Street in this area and appellee has no right of passage over it. The trial court found that there had been an abandonment of Clinchfield Street "by operation of law" when Highway 80 was reconstructed in 1950 and that the title to each half thereof "reverted" to the abutting property owners.

The parties seem to agree the Chancellor correctly adjudged that Clinchfield Street had been *abandoned* in 1950. It is true that Citation in its brief presents the argument that there was no abandonment for failure to comply with KRS 178.070, which relates to the closing of county roads. However, later in its brief this appellee admits that the trial court "correctly held that title reverted to the appellants where adjacent to the two small areas not con-

veyed by them to the Department of Highways". We are not at all convinced that Clinchfield Street in this area was abandoned as a public thoroughfare. Apparently the court and the parties considered the case of Williams v. Johnson, 149 Ky. 409, 149 S.W.2d 821, as controlling on this point. In that case, however, the opposing parties *conceded* that part of a county road had been abandoned when it was converted into a city street and the roadbed was relocated at certain points. We do not think that case supports the legal theory of abandonment which the trial court and the parties seem to assume. However that may be, in our opinion the rights of the parties with respect to the controversy before us do not turn on the issue of abandonment.

As we read this record, the real question is whether or not Citation had the right to utilize for transportation purposes that part of Clinchfield Street in front of its coal-loading ramp in the area opposite what was formerly Lot 2 of Block 11 which was conveyed by appellants to the Highway Department. Or put another way, did appellants own any interest in Clinchfield Street in this area which justified their obstructing Citation's ingress and egress? The answer must be in the negative. If Clinchfield Street had not been abandoned, of course Citation had a right to use it. If it had been abandoned, the owner of the property occupied by Citation had title to the middle point of the street in this area and appellants had conveyed to the Highway Department the other half of the street on the opposite side.

■■ We have difficulty in discerning the basis of appellants' claim that they had title to the *western* half of Clinchfield Street in the area in controversy. Appellants take the position that upon abandonment of a dedicated street the title reverts to the dedicator, citing Halley v. Scott County Fiscal Court, 25 Ky.Law Rep. 1471, 78 S.W. 149; and City of Bowling Green v. Board of Education of Bowling Green, Ky., 278 S.W.2d 726. These cases did not involve a dedicated highway. Assuming

the street had been abandoned, the title would be vested in abutting property owners on each side to the middle point of the highway. Williams v. Johnson, 149 Ky. 409, 149 S.W. 821; Henderson Elevator Co. v. City of Henderson, 187 Ky. 453, 219 S.W. 809, 18 A.L.R. 983; Henry v. Board of Trustees, 207 Ky. 846, 270 S.W. 476; Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785. In any event, assuming the street was legally abandoned, the abutting owner still retains an easement over the roadbed to the extent it is required to allow him reasonable means of ingress and egress. Hylton v. Belcher, Ky., 290 S.W. 2d 475.

■ Appellants contend that appellees' predecessor in title was not an "abutting owner" because it was a railroad company and the street was dedicated for residential use. However, the plat showed this area as designed for industrial use by a railroad and it was as much a part of the subdivision as the residential area across the street. See Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905, and Call v. Goff, Ky., 307 S.W.2d 767.

■ Appellants' claim of title to Clinchfield Street by virtue of the 1963 quitclaim deed from the successor to the original subdivider is so lacking in substance as not to require extended discussion. The grantor in that deed had no title to the street and of course it could not create any title in appellants. York v. Perkins, Ky., 269 S.W.2d 242.

■ Appellants also contend that Citation was unjustly enriched by the use of their property, but since their claim of title to Clinchfield Street in this area must fail, there is no basis for such contention.

■ On the other hand, it is clear that appellants wrongfully obstructed the use of the Clinchfield Street area by Citation for the truck hauling of coal. It is not clear from this record the extent, and particularly the duration, of the obstruction by ap-

pellants. (The first fence was promptly removed.) Nor is it clear from this record that the damages claimed by Citation were directly and proximately caused by the obstructions. Under the circumstances we consider it proper to remand the case for a reconsideration of the issue of damages, if any, sustained by Citation by reason of appellants' wrongful acts.

The judgment is affirmed on the appeal and reversed on the cross-appeal, with directions to reconsider the question of damages, if any, sustained by appellee Citation Coal Corporation and for the entry of a judgment granting appellees such relief as may be appropriate consistent with this opinion.

All concur.