### Keeton v. Alexander, et al.

(Decided November 21, 1913).

Appeal from Lincoln Circuit Court.

1. Highways—Proceeding to Widen—Description of Land Proposed to be Taken—Sufficiency.—In a proceeding to widen a road, re-

port of viewers and accompanying map examined and held sufficient to show not only the quantity but the precise land proposed to be taken.

2. Highways—Widening—Change.—Where it is sought to widen a road at one end 4 feet, 10 inches, and gradually increase it in width from that point until the additional width becomes 14 feet, 6 inches, the fact that it is necessary to elevate the old road bed for some distance as the road approaches the latter end does not constitute such a substantial change in the road bed as to require the notice provided by Section 4290, Kentucky Statutes, in cases of application to open, change or discontinue roads under Section 4289.

3. Highways—Proceeding to Widen — Instructions—Error. — One whose land is taken to widen a public road cannot complain of an instruction requiring the jury to believe more than is necessary for them to believe in order to find a verdict widening the road.

K. S. ALCORN and P. M. McROBERTS for appellant.

J. W. RAWLINGS, T. J. HILL and GEORGE D. FLORENCE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Lincoln Circuit Court ordering that certain land belonging to the appellant, Mrs. W. E. Keeton, be taken for the purpose of widening county road No. 21 at a point immediately northwest of Hanging Fork Ford.

Three errors are relied on: (1) Insufficient description of the land proposed to be taken; (2) failure of the trial court to give peremptory instruction in favor of appellant based on the contention that the proceeding was not one to widen a public road, but to alter a public road, and the statutory notice required in the latter case was not given; (3) error of the court in submitting to the jury the question of the necessity of a bridge over Hanging Fork Creek.

Section 4301, Kentucky Statutes, is as follows:

"No road shall be ordered to be opened or altered through any burying ground or dwelling house, yard and lawn attached, or orchard, without the consent of the owner. The county court may widen roads already established not to exceed sixty feet in width. Upon written information under oath of the supervisor, or of any two citizens of the county, being filed in the county court at any regular term, to the effect that any public road

in said county, or any part of such road, is not of sufficient width for the convenience of public travel, the court shall appoint three suitable persons, one of whom shall be a competent surveyor, to view the same, who shall report in writing, under oath, to the court at its next term, the present width of said road at the point or points designated, the character of the ground over which it passes, and the land adjacent thereto, and the purposes for which said adjacent land is used, and whether, in their opinion, the convenience of public travel demands that said road be made wider, and if so, how much wider, and the distance of such increased width. They shall also report how much of the adjacent land will be taken by the proposed change, its reasonable value, to whom it belongs, and to what extent the change will injure or benefit the owners of said land, and they shall return with their report a map of the ground viewed, showing the proposed change. Upon the report of the reviewers like proceedings shall be had as are now had in applications for opening roads. The court may hear oral testimony, and if, upon the whole case, the court shall be of opinion that the road should be widened, it shall order the supervisor of roads, or, if no supervisor, the overseer of the precinct, to have the same done in manner and form as prescribed by the court. In carrying out the provisions of this section it shall be lawful, when unavoidably necessary, to embrace portions of any yard, lot, park or orchard in the increased width of any road, but not of grave-yards, without consent of corporation or parties having dead buried therein, and then upon proper provision for descent re-interment. In every case arising under this section the person whose land is taken shall, if he requires it, be compensated therefor; and if no agreement can be made by and between him and the court as to the amount of such compensation, the same shall be ascertained and fixed in the manner hereinbefore prescribed for condemning land for road purposes.''

'' The proceeding in question was brought under the foregoing statute: Appellees, Wilson Alexander, Tilford Alexander and J. H. Goggin, filed in the Lincoln County Court a written application asking that the road be widened for the convenience of public travel. Thereupon, E. D. Pennington, H. J. Luce and W. S. Weaver were appointed viewers. They filed a report to the effect that the widening of the road was necessary for the

convenience of public travel. They filed with their report a plat or diagram. The report stated that in their judgment the road in question "should be increased in width at what is shown on the diagram as the sycamore end a distance of 4 feet 10 inches, making same at said point a width of 29 feet 10 inches, and gradually increasing in width for a distance of 264 feet going towards the ford, at which point it should be widened 14 feet 6 inches, so as to make the width of said road as widened at the ford of 42 feet." They further reported that the proposed increase in width would take one-twentieth of an acre of land belonging to appellant, the reasonable value of which was one dollar. They found the damage to appellant's land to be ten dollars. To this report appellant filed numerous exceptions. The county court ordered the road widened and adjudged that the land of appellant be taken for that purpose. An appeal was taken to the Lincoln Circuit Court. On appeal to the circuit court the jury found in favor of widening the road, and fixed appellant's damages at $25.

(1) It will be observed that under section 4301, *supra*, the viewers are required to report how much of the land will be taken by the proposed change, and to return with their report "a map of the ground viewed showing the proposed change." It is insisted that neither the report nor the map filed with it furnishes a definite description of the ground to be taken. In this connection it is argued that the report provides for an increase in width on what is known on the diagram as the "Sycamore End," a distance of 4 feet, 10 inches, and that no point on the map is designated as Sycamore End. It is, therefore, argued that there is nothing on the diagram to show the initial point from which all the measurements run. While it is true that no point on the map is designated as the "Sycamore End," yet the report shows that at that point, wherever it may be, the road should be widened 4 feet 10 inches, "making same at said point a width of 29 feet, 10 inches." At the beginning the map does show a width of 29 feet, 10 inches, together with the course of this line, and all that is necessary in order to find the exact width of the land proposed to be taken at that point is to run back from the end of the line, the distance of which is designated as 29 feet, 10 inches, to a distance 4 feet, 10 inches on the course given. From this beginning point two lines were run; one following the line on the old road, the other on ap-

pellant's land, which is described by courses and distances. At the Hanging Fork Ford end the road is widened 14 feet, 6 inches, making its total width 42 feet. It is perfectly manifest, therefore, that the report and map not only specify the quantity of the land to be taken, but accurately described the land itself.

(2)  But it is insisted that while this is nominally a proceeding to widen a road, it is in effect a proceeding under section 4289, Kentucky Statutes, to change a road, and as no notice was given pursuant to section 4290, Kentucky Statutes, the court was without jurisdiction, and should have sustained appellant's motion for a peremptory. This contention is based on some evidence to the effect that part of the old road would have to be elevated and a new road made. We do not think, however, that these facts are sufficient to constitute a substantial change in the road so as to make section 4289 applicable. The road in question was simply widened at one end 4 feet, 10 inches, and at the other 14 feet, 6 inches. The ground to be taken was higher than the roadbed. In such a case the new ground may be cut down to the level of the old road, or the old roadbed may be raised so as to conform to the level of the new land. In either event there is simply a widening of the old road. Were the rule otherwise it would be practically impossible to widen a road under the statute, if it was necessary to raise or lower the roadbed.

(3)  The evidence shows that about 16 families or more with their children lived on the south side of Hanging Fork Creek. For three or four months out of the year this creek at the point where road No. 21 crosses is impassable. By widening the old road a bridge may be thrown across the creek which will afford those people living on the south side access to the other side, and an opportunity to travel a good road for the purpose of going to the postoffice and voting places and of attending church and school. In its instructions the trial court submitted to the jury the question of the necessity of the bridge in question, and as the power of determining the necessity for a bridge is vested in the fiscal court, it is insisted that the court erred in submitting that question to the jury. While the jury had the right to take into consideration all the surrounding facts and circumstances in passing on the question whether or not the road should be widened for the convenience of public travel, it was not, of course, within their power to pass

on the necessity for the bridge. We fail, however, to see how appellant was prejudiced by the court's requiring the jury to pass on a question which it had no power to decide. The effect of the court's action was to require the jury to believe more than was necessary for it to believe in order to justify a verdict widening the road.

Judgment affirmed.