## Potter, et al. v. Matney, et al.

(Decided June 4, 1915.)

### Appeal from Pike Circuit Court.

1. Highways—Establishment of Road.—There being no judgment of the county court establishing a road, overseers who were opening same under an appointment of the county court were acting without authority of law.

2. Highways—When Judgment Establishing Void.—A judgment of a county court establishing a road before process has been issued against land owners, along the route, as required by statute, is void.

3. Courts—Jurisdiction.—As to a court having general jurisdiction, the presumption is, in the absence of a showing to the contrary, that it had jurisdiction to enter a judgment it has entered; but no such presumption attaches to the judgments of courts of limited jurisdiction. In such courts the jurisdictional facts must affirmatively appear.

J. S. CLINE and E. J. PICKLESIMER for appellants.

CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Certain land holders of Pike County, in October, 1911, instituted a proceeding in the Pike County Court under the provisions of Chapter 110, Kentucky Statutes (1909), entitled "Roads and Passways," either for the purpose of opening a new road, or relocating a road from the mouth of Beaver Creek in that county to the mouth of Card Creek, a distance of eight or ten miles.

Upon the filing of the petition the following order was entered in the Pike County Court on the 16th of October, 1911:.

"Pike County Court, October Term, 16th day of October, 1911. In the matter of application for relocating road leading from the mouth of Beaver to the mouth of Card Creek, on Levisa Fork, the petitioners, R. T. Elswick, S. K. Flannery, M. F. Looney, Green Charles, J. D. Slone, and J. H. Ramey, having on this the 10th day of October, filed their petition asking for a relocation of the road leading from the mouth of Card on the Levisa Fork, and it appearing that notice had been duly posted, according to law, it is therefore ordered by the court that M. D. Ramey, Miles Ramey, and N. A.

Ramey, county surveyor, are hereby appointed commis-- sioners to view said road and report to the court at its next regular term the changes necessary herein, together with any other matter they may deem pertinent, and this cause is continued.''

On December 18th, 1911, a surveyor's report was filed in the proceeding as shown by the following order entered by the court on that day, to-wit:

''Pike County Court, December 18th, 1911. Survey- or's report of new road. from the mouth of Beaver Creek to the mouth of Card Creek, Pike County, Ken- tucky, filed.''

Both the petition, or application, filed in the county court, and the surveyor's report, are lost and cannot be produced, and the two orders above quoted are the only orders of the county court made in the proceeding ex- cept that on the latter day (Dec. 18th), the same day the surveyor's report was filed, orders were entered ap- pointing overseers and directing them to build and construct a new road according to the surveyor's re- port.

The appellee Alex Matney instituted this action to enjoin the opening of the road through his land, and the appellee Leon Timber Company, to whom Matney had sold the timber on the land, instituted a separate action looking to the same end; the two actions were consolidated, and the Chancellor below, upon a hearing, entered a judgment enjoining the parties seeking to open the road from further excavations upon the lands of Matney, and from further destroying the timber so be- longing to the Leon Timber Company, and from that judgment this appeal is taken.

The only question necessary to be determined is, what was the effect of the orders of the county court above quoted?

In the first place there is no judgment of the county court establishing the road through the lands of Mat- ney, and, therefore, necessarily the parties who were operating under the above orders of the county court were acting without authority of law. The statute con- templates that there shall be a judgment establishing the road before steps may be taken to actually construct or open it.

But even if there had been a judgment of the Pike County Court, establishing the road, and the proceeding had in all other respects been regular, no process hav-

ing been issued against the land owners over whose property the proposed road was to pass, under the express terms of the statute there was no authority to open it.

Sections 4294 and 4295, being a part of Chapter 110 Kentucky Statutes (1909), under which the proceeding, was had, provide:

"Upon the report of the commissioners on an application to establish or alter a road, the court shall issue process against the owners and tenants of the lands over which said report shows the proposed road to pass, show cause why the said report should not be confirmed, and shall make such orders as to non-residents and persons under disability as are required by the Civil Code of Practice in actions against them in the circuit court."

Section 4295 is as follows:

"At the first regular term of the county court, after the owners and tenants shall have been summoned the length of time prescribed by the Civil Code of Practice before an answer is required, no exceptions having been filed to said report by either party, it shall be the duty of the court, from the report and other evidence, if any, to determine whether the road shall be established or altered as recommended by the commissioners."

Under the language of these two sections it was unmistakably the purpose of the statute before a road should be opened or its location changed that there should be process issued against the parties whose property was sought to be affected thereby; until this was done and the property owner had opportunity to file exceptions to the surveyor's report, he had not had his day in court, and the proceeding is void unless such opportunity be given him.

As stated above, all the papers were lost and we know nothing about the proceeding except that the orders quoted were entered in the county court.

In a court of general jurisdiction the presumption is in the absence of something to show to the contrary that the court had jurisdiction to enter the judgment it did enter, and the jurisdictional facts need not affirmatively appear; but in courts of limited jurisdiction, of which the county court is one, all the facts necessary to confer jurisdiction must affirmatively appear, and that the court acted within its jurisdiction will not be presumed.

This distinction is well recognized, and has often been pointed out by this court. Brown Real Estate Company v. Rogers, Committee, 132 Ky., 790.

Under the statute the county court had no jurisdiction to establish the road until the land owners had been summoned as required therein and given an opportunity to show cause against the same.

The fact that Matney was not, at the time of the proceeding in the county court, the owner of the land, and that his vendor, Charles, had dedicated a right of way over this same land for road purposes can in no way give life to a void proceeding.

Judgment affirmed.