## Eli v. Trent, et al.

(Decided May 26, 1922.)

### Appeal from Hopkins Circuit Court.

1. Covenants—Covenant of Warranty.—A general warranty in a deed of conveyance under section 493 of Kentucky Statutes includes all the special common law covenants of warranty.

2. Covenants—Warranty—Chose in Action.—An unbroken warranty in a deed of conveyance passes to subsequent grantees with the title, but when broken it automatically becomes a chose in action and does not pass with the transfer of title but only by express assignment.

3. Mines and Minerals—Possession of Surface of Land—Trusts.—One holding possession of the surface of land under separate title holds possession of the minerals in the land as trustee of the legal owner thereof.

4. Covenants—Breach of.—Covenants of title in a deed to land, to which the grantor does not have title and to which he does not and cannot deliver possession, is breached when the conveyance is made and the cause of action on the warranty accrues at once.

J. A. JONSON and LETCHER R. FOX for appellant.

GORDON, GORDON & MOORE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This proceeding is before this court on motion to allow an appeal from a judgment of the Hopkins circuit court for $300.00 damages.

In 1917 appellant conveyed about 40 acres of land, by deed of general warranty, to V. H. Mason, his co-defendant in the court below. Two years later Mason made a like conveyance of the land to the appellees. Appellant did not own the mineral rights in and under the land conveyed to Mason, and, consequently, no title to such rights passed from him to Mason or from Mason to the appellees. In December, 1919, appellees filed this suit to recover damages in the sum of $790.00 for breach of the warranty in their deed. The result of that suit was a judgment in their favor for $300.00 against both Mason and appellant, from which the latter seeks an appeal to this court.

The only question presented is whether or not the appellees can maintain an action against their remote vendor for a breach of his warranty. The included subjects of appellant's warranty can not be questioned, for it is well settled by decisions of this court that a general warranty includes all common law covenants under section 493 of the Kentucky Statutes. (Butt v. Riffe, 78 Ky. 352; Smith v. Jones, 97 Ky. 670; Waggener v. Howsley's Admr., 164 Ky. 113.) Accordingly, appellant's deed embraces warranties of title, seisin, etc., and similarly, the deed from Mason to appellees contains like complete covenants. It is argued for appellees that the warranty in appellant's deed is a covenant running with the land for the breach of which, even though it occurred previously to the conveyance to appellees, they can maintain an action for damages against the original covenantor.

The exact question as it is here presented has never been decided by this court. The general rule is that an unbroken covenant passes to subsequent transferees with the title, but when broken it automatically becomes a chose in action and does not pass with the transfer of title but only by express assignment. (15 C. J. 1259.) Thus it is held in a great majority of the states that a remote grantee cannot maintain an action for the breach of a real covenant that occurred before the grant to him, and that the right of action in that event is personal to him in whose time the covenant is broken and who, unless

he assigns it, is the only person that can bring the suit. (15 C. J. 1258; 7 R. C. L. 1193.)

The English rule is different; it is that a covenant is a continuing obligation for the breach of which a subsequent grantee may maintain an action against the original warrantor, even though the breach occurred previously to the conveyance to the complaining grantee. But, as we have stated, the weight of authority in this country is to the contrary and, in our opinion, it rests upon sound principles. An extended discussion of the subject is found in the note to the New York case of Geiszler v. DeGraaf, 82 American State Reports, 659. Under the preponderating doctrine announced in the cases cited in that note it would seem clear that if the covenant relied on by appellees was broken after they purchased the property the right of action as against the original covenantor (appellant) is maintainable, but if the breach occurred previously to the sale of the land to them, although Mason sold under a general warranty deed, they cannot maintain an action for the breach of appellant's warranty, unless Mason assigned his cause of action arising out of the breach to them. In other words, If the breach occurred before Mason sold the land the right of action on appellant's warranty vested in Mason and did not pass to appellees under the second deed.

In this jurisdiction it is the established rule that one holding possession of the surface under separate title holds possession of the minerals in the land as trustee for the legal owner, and it is also settled that a covenant of title in a deed to land, to which the grantor does not have title and to which he does not and can not deliver possession, is breached when the conveyance is made and the cause of action accrues at once. (Butt v. Riffe, 78 Ky. 352; Foxwell v. Justice, 191 Ky. 749.)

Hence it will be seen that a breach of the warranty in the deed from appellant to Mason occurred immediately upon the execution of the deed, since appellant had no title to the minerals which he purported to convey and did not and could not put the grantee in possession of them. Consequently, the warranty was immediately transformed into a chose in action and ceased to be a covenant running with the land. Upon the same principle when Mason conveyed the land to appellees there came into existence at once a right of action on behalf of appellees against Mason, but that right did not extend back

to the original warranty that had already been broken and had not passed under the deed to appellees.

It seems to be conceded by appellees that the weight of authority supports the rule indicated, but they contend that the rule is different in Kentucky and cite in support of that contention Cummins v. Kennedy, 3 Littrell 118, and Mercantile Trust Co. v. South Park Residence Co., 94 Ky. 271. The first case mentioned holds that a covenant of general warranty is transferred by a deed of conveyance without warranty and the grantee in such deed may bring a suit in consequence of the warranty against the original warrantor. The maintenance of a suit against the first warrantor was allowed in that case, but the grantee seeking the recovery was evicted and the breach of the warranty did not occur until the eviction. That opinion does not militate against the general doctrine heretofore announced but in fact comports with it, as it is generally recognized that a real covenant runs with the land and continues until its breach, but thereupon is transformed into a chose in action to which the then claimant is entitled and which he can assert against preceding warrantors.

In Mercantile Trust Company v. South Park Residence Company, *supra*, a recovery against the first guarantor was permitted, but the residence company took an assignment of its immediate grantor's interest in the first grantor's covenant. The opinion does not specifically put the recovery upon that ground, but on no other theory consonant with the general rule could the action have been maintained. In that case the breach occurred as soon as the first conveyance was made, as the grantor had no title to a part of the property conveyed and the original grantee's possession was possession for its co-tenants, the holders of the legal title; and the residence company having taken an assignment of the claim of its grantor growing out of the first conveyance, the recovery on its behalf was allowed.

There are many decisions of this court holding that a remote grantee can recover on the original warranty, among which are Daugherty v. Duvall's Heirs, 9 B. Monroe 57; Thomas v. Bland, 91 Ky. 1; Jones, etc. v. Bigstaff, etc., 95 Ky. 395. But in every such case the breach occurred during the time or occupancy of the complainant, there was an eviction or other act necessarily resulting in a breach, and the cause of action accrued then for the first time and the covenant having continued through the

intervening grantors became transformed into a chose in action personal to the then claimant.

In this case the breach occurred immediately upon the conveyance of the property to Mason. He never assigned his cause of action to appellees and they have no right of recovery as against appellant, the original warrantor. Their remedy is against their grantor for the breach of his warranty that occurred immediately upon the conveyance to them. This conclusion is based on the great weight of authority in this country. We think the rule is sound and just.

The motion for an appeal is allowed and the judgment reversed with directions to dismiss the petition as to appellant.