## Jones v. Avondale Heights Company for Use, Etc.

(Decided March 22, 1932.)

EATON & BOYD for appellant.

WHEELER, WHEELER & SHELBOURNE for appellee.

136

The Avondale Heights Company owned a tract of land comprising 300 or 400 acres, lying north of the city of Paducah, McCracken county, Ky., which it platted and subdivided into lots and streets. As originally platted, Block C, lying between Forty-First street and Forty-Second street was several hundred feet deep, through the center of which was a 20-foot alley. Block C lies immediately south of Pine road, one of the main roads of the county. Forty-Second street extends north and south and bisects one of the principal streets of the block. At the west terminus of Forty-Second street, and to the north from Central avenue, is Forrest avenue. Forty-Second street represents the extreme west end of the property subdivided. It was originally platted to be 100 feet wide. The owners of the land, after the sale by the Avondale Heights Company, decided the depth of the lots rendered them unsuitable for building purposes. They replatted block C, with the consent of the Avondale Heights Company. By the replat the property fronting on Forty-Second street was given 20 feet off the rear of the lots, parallel with the alley, running through the center of the block. The owners of the lots fronting on Forty-Second street gave 20 feet off the rear of their lots, and parallel to the alley running through the center of the block, thus making the alley a 60-foot street through the center of Block C, which was designated "Jennings" street, leaving the lots fronting on Forty-Second street extendeding back to Jennings street 245.7 feet by 50 feet.

A proceeding was instituted in the McCracken county court to close 40 feet on the east side of Forty-Second street, so as to make it 60, instead of 100, feet wide.

An action was filed in the McCracken circuit court against the Avondale Heights Company by the owners of the land immediately west of Forty-Second street, to enjoin the closing of any portion of Forty-Second street. The Avondale Heights Company filed an answer, declaring that it did not own any property fronting on the east side of Forty-Second street, and disclosed the names of the parties who owned it. The action, without the owners of the property being made parties, proceeded to judgment which enjoined the Avondale Heights Company from closing any portion of

Forty-Second street. An appeal therefrom was brought to this court; the judgment was reversed, with directions. Avondale Heights Company v. Rhodes, 223 Ky. 409, 3 S. W. (2d) 774. On a return of the case to the circuit court, the appellant here and Belle and Covington and others who owned the property on the east side of Block C were made parties defendants. On again being submitted for trial, a judgment was entered against them, enjoining the closing of any portion of Forty-Second street.

The county had not expressly or impliedly accepted Forty-Second street as a county highway. To induce the county to accept it, the appellant and other citizens, formally requested the county court to accept it as a part of the highway system of McCracken county. It was by an order of the county court so accepted as a county highway. This procedure was authorized by secton 4301, Ky. Stats. Thereafter the appellant and others filed in the county court a petition asking it to abandon 40 feet of Forty-Second street as a highway, which was done by an order of that court. The authority of a county to abandon by discontinuance of a public highway, in whole or in part, is conferred upon a county court by section 4302, Ky. Stats. The entry of the order abandoning 40 feet of the 100-foot highway which had been previously accepted by the county court as a part of the system of county highways operated to revert to the owners this 40 feet. When it was so abandoned, the owners thereof were vested with right to close the 40 feet of the county road. Waller v. Syck, 146 Ky. 181, 142 S. W. 229; Section 4295, Ky. Stats. When establishing or discontinuing a road, the county court is a court of limited jurisdicton. There is no presumption that it has jurisdiction in the absence of a showing of its jurisdiction. The jurisdictional facts must affirmatively appear. Potter v. Matney, 165 Ky. 266, 176 S. W. 987; Mitchell v. Bond, 11 Bush 614.

An order of a county court altering, establishing, or abandoning a road before process has been issued against landowners along the road is void. Potter v. Matney, supra. The appellant pleads the judgment of the circuit court requiring the opening of Forty-Second street to the width of 100 feet, charging it deprived him of a portion of the land purchased by him from the Avondale Heights Company. The appellant claims that by reason thereof he has been damaged in the sum of $1,183.32, and that he is entitled to credit therefor on his

notes, which were executed and delivered for the consideration of the lots conveyed to him by the Avondale Heights Company.

In avoidance of this, the appellee pleads the orders of the county court whereby the 40 feet of the 100-foot street was abandoned as part of the county highway. By a rejoinder the appellant admits the entry of the order of the county court, and further pleads the pendency at the time of its entry the suit in the McCracken circuit court, and avers that, by reason thereof, the McCracken county court had no jurisdiction to enter its order abandoning any portion of the 100-foot street. He further pleads that the interested and necessary proper parties were not parties to the procedure in the county court at the time of the entry of the order by it, abandoning a portion of the 100-foot county highway; that only three owners of the lots in the subdivision made by the Avondale Heights Company were parties thereto at the time of the entry of the order of the county court.

It appears from the pleadings that the owners of the property abutting on Forty-Second street were parties to the proceeding in the county court to abandon 40 feet of the road. The statute only requires notice of the application to be given to the proprietors and tenants of the property to be taken or injured. The owners of the abutting property having signed the petition to discontinue 40 feet of the road seems to meet the requirements of the statute. The present section (4301) of the statute in this respect differs materially from the former one (Acts 1894, c. 47, Sec. 3) which required the posting of written or printed advertisement in at least five of the most public places in the district or districts in which the road was located, for at least twenty days before the term of court at which such petition was to be presented. Ford v. Collins, 108 Ky. 553, 56 S. W. 993, 22 Ky. Law Rep. 251. The former section requiring the publication of such notice was construed by this court in Keeton v. Alexander, 156 Ky. 78, 160 S. W. 761, not to require notice where it was sought to widen a road. The owners of the property immediately affected by the abandonment of the 40 feet being parties to the proceeding in the county court meets the requirements of the statute relating to notice required by section 4301, Ky. Stats.

The pendency of the action in the circuit court did not deprive the county court of its jurisdiction to abandon 40 feet of the 100-foot road.

For greater reasons the appellant is without right to rely on his defense and to assert his counterclaim against the purchase-money notes executed and delivered by him to the Avondale Heights Company as the consideration for the lots conveyed to him by it. The deed from the Avondale Heights Company conveying him the lots contains a covenant of general warranty. The appellant does not allege nor prove a breach of its covenant. It is a settled rule in this state that no breach of a covenant of general warranty can occur until there has been an eviction, and, before one can recover on account of such breach, he must aver and prove that he has been evicted. Walker v. Robinson, 163 Ky. 618, 174 S. W. 503; Eli v. Trent, 195 Ky. 26, 241 S. W. 324; Fowler v. Chiles, 4 J. J. Marsh. 504; Simpson v. Hawkns, 1 Dana 303; Knight's Adm'r v. Schroader, 148 Ky. 610, 147 S. W. 378; Grant v. McArthur's Ex'rs, 153 Ky. 359, 155 S. W. 732; Hunter v. Keightley, 184 Ky. 835, 213 S. W. 201; Burchett v. Blackburne, 198 Ky. 304, 248 S. W. 853, 34 A. L. R. 1425; Towels v. Campbell 204 Ky. 591, 264 S. W. 1107 50 A. L. R. 175; Green v. Hammons, 232 Ky. 59, 22 S. W. (2d) 422. There are certain exceptions to this general rule, such as where the grantor is insolvent or a nonresident or guilty of fraud, or where the vendor is not in possession at the time of his conveyance and his vendee has sued for the recovery of the possession and has failed to recover. No allegation is made by him which brings appellant within the exceptions to the general rule.

Wherefore the judgment is affirmed.