## Howard et al. v. Montgomery et al.

Feb. 16, 1943.

W. J. Ward for appellants.

W. R. Prater and E. R. Cooper for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The litigation involved on this appeal began in the Magoffin Circuit Court almost sixteen years ago and grows out of a transaction which occurred over twenty years ago. The facts and questions involved are as follows: Gholson Howard and Katie Howard owned a tract of land from which they conveyed all the mineral rights to John C. C. Mayo. Subsequently, Green Howard obtained the land and on March 3, 1922, conveyed it with covenant of general warranty to Lundy Risner. The consideration was cash and three promissory notes; one in the sum of $600, and two in the sum of $500. This deed, with a lien retained to secure the payment of the notes, was not recorded until November 26, 1938; but in 1923 it, together with a bond of conveyance, was delivered to Charley Howard by Lundy Risner. The bond called for payments approximately in the same amounts as represented by the notes mentioned in the deed, and Charley Howard took possession of the land.

Green Howard assigned the $600 note to Calloway Montgomery before it matured. The exact status of the other two or more notes is not clear from the record. The petition of Risner's administrator sets up a $450 note alleged to have been signed by Charley Howard. The petition of Green Howard's administratrix is based on a $500 note alleged to have been executed by Charley Howard and assigned to Green Howard by Risner. This would seem to indicate that there were six notes involved in the land transaction; the three mentioned in the deed, and the three in the title bond. Although an answer filed by Charley Howard admits the execution of the notes mentioned in the title bond, apparently, there were only three notes involved in the transaction and Charley Howard never signed any of them.

After suits had been filed by the representatives of Risner and Green Howard, Calloway Montgomery filed his suit alleging that he was the holder in due course of the $600 note, and asking that the lien retained in the deed to secure its payment be foreclosed.

The three suits were consolidated, and throughout the next eleven years various pleadings were filed, depo-

sitions taken, and the cases continued from time to time. On October 10, 1938, a special judge designated to try the cases entered the following order:

"This cause coming on to be heard on plaintiff's motion for submission it is ordered that the parties are granted 45 days from and after this date to take any further proof they may desire, and at the end of that period, this cause shall stand submitted for trial and judgment."

Thereafter, on November 26, 1938, forty-seven days after the order had been entered, Charley Howard filed a pleading styled an "Amended Answer, Counterclaim, Setoff and Cross Petition to an Amended Reply of Calloway Montgomery to the Separate Answer of Charley Howard," in which he denied that Calloway Montgomery was a holder in due course and alleged that he had assumed the payment of the notes and pursuant thereto had turned over to Calloway Montgomery a certain piece of property reasonably worth in rental $150 a year which Montgomery held for a period of ten years, and, therefore, he was entitled to a judgment for $1,500 subject to the $600 note. The trial court struck this pleading from the record and awarded Montgomery judgment on the $600 note, and all other petitions were dismissed.

It is now the contention of Charley Howard, who appears to be the only party actually interested in the appeal, that the trial court erred in striking his pleading and refusing to offset the note by reason of Montgomery using his land for ten years, and also in failing to render judgment against Green Howard's estate on the warranty to Lundy Risner and in then subrogating Risner's rights to him under the title bond as he pleaded.

Regarding the $600 note, the pleadings and proof show that the instrument was complete and regular on its face; that it was purchased for full value more than six months before it became due; that it had not been dishonored previously; and that Montgomery had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. It will thus be seen that the transaction between Calloway Montgomery and Green Howard contains all the elements necessary to constitute Montgomery a holder in due course and entitled to have the land subjected to his debt as was directed in the judgment appealed from.

It is also well settled that once a covenant is broken it immediately becomes a chose in action and does not pass with the transfer of title to subsequent or remote grantees in the absence of express assignment. Eli v. Trent, 195 Ky. 26, 241 S. W. 324; Witt v. Louisville & N. R. Co., 208 Ky. 126, 270 S. W. 732. In this case the covenant was broken when Green Howard conveyed the property to Lundy Risner, and Charley Howard obtained no right to sue for the breach by reason of the bond. It was decided in the Trent case that a covenant of title was breached when the deed was delivered because the grantor did not own the mineral rights in the land, and, therefore, a subsequent grantee could not recover on the breach without proving an express assignment by the intermediate grantor. This disposes of the contention that the appellant is entitled to be subrogated to Risner's rights against Green Howard's estate for the breach of the warranty.

The final contention of Charley Howard is that the trial court erroneously struck his amended answer, counterclaim, setoff and cross petition against Calloway Montgomery. This ruling of the trial court may be sustained for several reasons. Assuming that the pleading had been filed in time, and that the claims presented therein arose out of transactions mentioned in previous pleadings, which they did not, no notice of such filing was ever given to the adverse parties in compliance with Section 108 of the Civil Code of Practice. We have held frequently that the trial court has a wide discretion as to the filing of amended pleadings under Section 134 of the Civil Code of Practice. Harding v. Kentucky Title Trust Co., 269 Ky. 622, 108 S. W. (2d) 539. Furthermore, the pleading was not filed within the 45-day period set by the special judge.

It follows that it is our view that the judgment should be and it is affirmed.