# Cox v. Birchfield.

Jan. 26, 1945.

John W. Walker for appellant.

W. L. Kash for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, G. C. Cox, was the owner of lots 2, 3 and 4 in Block 5 situated on Main Street in the town of Ravenna, Estill County, Kentucky. He employed the Rowland Auction Company to sell these lots, and on Saturday, September 25, 1943, the property was exposed to public auction, at which the appellee, Gardner Birchfield, became the highest bidder at the price of

$2,800. Birchfield made a down payment of $280, being 10% of the purchase price required to be paid under the auctioneer's terms. On Monday following the sale. the appellee made an examination of title which disclosed four restrictions in the chain of title to each of the lots, namely: That the property could be used for business purposes only; that no intoxicating liquor could be sold thereon; that no oil wells could be drilled thereon; and that the property could not be sold to any one of African descent. Upon the discovery of these restrictions, the appellee immediately notified the appellant he would not accept the property since it was announced on the day of sale that general warranty deed would be executed to this property, same to be free and clear of all encumbrances. He demanded also the return of his $280 paid on the date of the sale.

The appellant instituted this action to compel the appellee specifically to perform in accordance with the purchase contract. The appellee, defendant below, filed his answer and counterclaim wherein he denied. the material allegations of the plaintiff, and affirmatively pleaded the restrictions and limitations upon the property as grounds for cancellation and rescission of contract of sale. He alleged that these restrictions rendered the property of little or no value and had he known same, he would have declined to bid on the property. He sets out his payment of $280 on date of sale and prays that plaintiff's petition be dismissed; that the contract of sale be canceled and held for naught; and that he recover the down payment of $280. Plaintiff's general demurrer to answer and counterclaim was overruled. Plaintiff then filed a reply to answer and counterclaim wherein he alleges that defendant had himself personally purchased property on Main Street in Block 3, and actually knew of the restrictions contained in the deeds, and that because of this knowledge he is now estopped to plead or rely upon same for the purpose of avoiding his obligation to consummate his contract of purchase. For further reply, he stated that the dwelling or residence building located on lot No. 2 was erected more than 15 years next preceding the date of the contract of sale and purchase; and that this residence was erected openly, visibly and notoriously in the presence of all the immediate and remote grantors of the plaintiff, and in the presence of and with the knowledge of all other property owners in that vicinity of the town

of Ravenna, and in the presence, and with the knowledge of all members of the general public and other persons who had, or might have had an interest, direct or remote in the restrictions contained in the deeds of the remote grantors of plaintiff; and that there had been a general acquiescence in the erection, maintenance and occupation of said building for residence purposes for more than 15 years; and that the plaintiff and his grantors have been in the actual, peaceable, exclusive, open, notorious, visible, continuous and uninterrupted adverse possession of said property adversely to all persons and classes of persons above named, and to all the world; and that by reason of.same, all persons and all classes of persons above named, waived all rights, which they had or might have had, to object to the use of these lots for residence purposes, and that they are now estopped to complain or maintain any action against the defendant to require him to remove the residence building, or to prevent the use of this property for residence purposes; and that the plaintiff pleads and relies upon the facts above as a bar to defendant's counterclaim.

He then filed an amended reply, alleging that since the original plat of the town of Ravenna was laid out, and lots therein sold with these restrictions in the deeds, economic and business conditions in Ravenna and Estill County have been greatly altered and changed, and because of same it is no longer necessary or desirable that these lots be restricted to business purposes. He stated that these restrictions, relative to oil wells, sale of spirituous, vinous and malt liquors, and use for business purposes have been violated, disregarded and ·abandoned over a long period of years, by the original grantors, by the adjoining property owners, and by all persons who could object, or had a right to object to the violation of above restrictions, and because thereof, the restrictions have been abandoned and waived, and are no longer valid or binding on any person or property owner in Ravenna; that the restrictions appearing in the former deeds in his chain of title constitute a cloud on his title, and that same should be removed by judgment of the court, and asks for a judgment of the court in keeping therewith. Upon submission of cause, the petition of plaintiff was dismissed and judgment rendered for defendant on his counterclaim in the sum of $280. Plaintiff appeals.

The appellant contends, first, that the court erred in overruling his general demurrer to defendant's answer and in support of his contention insists that appellee had by virtue of the written contract an equitable title to the property, and that the appellant had offered, and still offered, a general warranty deed, under which appellee could have immediate entry and possession of the property. He claims that the appellee, defendant below, in his answer did not allege ouster or eviction, or that any person had threatened to enforce against him any of the restrictions about which he complains, or anything had been done or said which endangers or threatens to interrupt his free and full use of the property, and that by reason thereof, he is in no position to complain about a breach of warranty or failure of warranty; and that if the restrictions are valid and binding, the appellee would have ample remedies at law or equity when, and if he is injured, and cites in support thereof Jones v. Avondale Heights Co., 243 Ky. 135, 47 S. W. 2d 949, 951, wherein the court stated as follows: "It is a settled rule in this state that no breach of a covenant of general warranty can occur until there has been an eviction, and, before one can recover on account of such breach, he must aver and prove that he has been evicted."

He cites further, 14 American Jurisprudence, page 543, as follows: "A covenant of quiet enjoyment is broken only by an entry upon, and an expulsion from, the land or some actual disturbance of the possession of the land by virtue of some paramount title or right."

Appellant, obviously, overlooks the fact that he is not in position to set up such defense against the proposed purchaser as this action is on a suit prior to the execution of a deed of general warranty. This contract sought to be enforced was merely a contract to purchase, and to purchase property with clear title. He contends further that the defendant himself violated the principal restrictions about which he complains, and cannot now object to same and is, therefore, estopped from setting up this defense. There might be some virtue in this contention had the defendant previously purchased and sold this identical property.

Appellant contends further that these old restrictions were clouds upon his title and that the original and remote grantors had lost their right to enforce the

254

restrictions, and that all interested persons by their acquiescence in the violation of these restrictions had waived such rights as they had and would be estopped from interfering in any way. In this last contention we find the quiddity and gist of this whole matter. The consensus is that the strict rules applicable to deliberative contracts do not govern a sale of real estate at auction. Unless it is otherwise publicly proclaimed, or by printed terms published, it is presumed that purchaser shall have opportunity to investigate and inquire into the title. There is no evidence of any disclosure of these restrictions in announcement of terms of sale or in advertisement of same. The existence of such unannounced restrictions is proper grounds for the rescission of a contract entered into at an auction.

The position of the appellant appears less tenable in view of the fact that he, himself, pleads a cloud on his title, which he attempts to clear in this action against appellee, who in no way was responsible for or contributed to such cloud. By way of parenthesis it might be said that this is not proper procedure for clearing title from such restrictions and covenants. The purchaser had right to presume and expect a clear title to this property. By this action appellant is seeking to compel appellee to take same with the admitted cloud.

In view of the above, appellee acted within his rights in rejecting the tendered deed and in demanding the return of his preliminary payment. The Court below properly adjudicated this cause.

Judgment affirmed.