### KOCH, et al v. PINELLAS COUNTY.

Circuit Court, Pinellas County.

April 24, 1953.

Thompson & Cooper, Clearwater, and Macfarlane, Ferguson, Allison & Kelly, Tampa, for plaintiffs.

William C. Cramer and C. Ray Smith, both of St. Petersburg, for defendant.

ORVIL L. DAYTON, Jr., Circuit Judge.

In this case the defendant Pinellas county seeks to install a well on the right of way of a county road for the purpose of obtaining water to augment the county's water system. C. E. Koch and Mecca Water Service Co., a corporation, plaintiffs, owners of the land abutting the right of way, seek to restrain it from so doing.

Plaintiffs contend that the dedication of the land for road purposes limits the use of the right of way to the purpose for which it was originally dedicated, that the installation of a well as sought by the county is a purpose inconsistent with the original dedication, and constitutes a taking of private property for public use without just compensation therefor.

The county contends that it holds the fee simple title to the land included in the right of way by virtue of original dedication and subsequent acts of the legislature, and that the public purpose of obtaining water for a well located on the right of way is not inconsistent with the use for which the land was originally dedicated so long as the operation of the well does not interfere with the use of the road for general highway purposes.

To the county's contention that sections 341.59 and 341.66, Florida Statutes 1951, grant it fee simple title to the land plaintiffs reply that the sections pertain only to the surface of the land or so much thereof as is necessary for road and highway purposes—that water, oil, minerals and other substances of value which lie beneath the surface are valuable property rights of which plaintiffs cannot be divested without due process of law and payment of just compensation therefor.

The court is indebted to counsel for their excellent briefs indicating exhaustive research on the question. In both sections 341.59 and 341.66 may be found the following identical language—"Such dedication shall be conclusively presumed to vest in the particular county in which the road is located or situated, if it be a county highway . . . . all right, title, easement and appurtenances therein and thereto being the fee simple title to the extent in width that has been maintained . . . ." Section 341.66 provides that any person claiming an interest in the property shall have one year in which to file suit against the governing authority claiming the road for the recovery of damages by reason of such occupancy of the property by it.

The question before the court, therefore, is whether such acts of the legislature operate to grant to the county *the actual fee simple or absolute ownership* of the land to the extent in width that the right of way has been maintained or do such acts operate only to confirm in the county an *indefeasible easement for road purposes* in and to the right of way to the extent in width that has been maintained.

Section 341.66 defines the terms "road," "public road" or "highway" as used in the Act to include—"the roadbed, right of way and all culverts, drains, sluices, ditches, waterways, embankments, slopes, retaining walls, bridges, tunnels and viaducts necessary for the maintenance of travel, dispatch of freight and communication between individuals and communities."

Section 29, article 16 of the Florida constitution provides that —"No private property, nor right of way shall be appropriated . . . . until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation . . . . shall be ascertained by a jury of twelve men . . . ." The constitution likewise secures the right to possess and protect property, and secures to all forever the right of trial by jury.

The constitutional provisions for the protection of property rights and for the right of trial by jury to determine the compensation to be paid before private property can be taken for public use are applicable to all—no governmental agency is privileged to circumvent the clear provisions of the constitution.

The statutes in question deal with the subject of roads, public roads or highways, as shown by the definition of the terms set forth above. To hold that the purpose of the legislature in enacting the statutes in question was to grant the county the absolute ownership of the land in the right of way "to the middle of the earth" and require the abutting landowner to file suit against the

county within one year or forfeit his rights therein would be to assume that the legislature enacted a measure violative of the express terms of the constitution.

Such an assumption is unwarranted. The manifest purpose of the legislature was to confirm title in the county and to set at rest forever all claims adverse to the county *to such portions of the land in the right of way as are used for highway purposes as defined in the Act*—and none other.

The court finds that water, oil, minerals and other substances of value lying beneath the earth's surface are property of which the owner cannot be divested except by the procedure outlined in the constitution, and that the procedure set forth in section 341.66 for the filing of suit by the property owner against the county within one year, otherwise to forfeit all rights in the land embraced in the right of way, was not intended by the legislature as a substitute for the organic right to have full compensation determined by a jury as provided in the constitution.

In my opinion the drilling of a well on the right of way and the withdrawal of water therefrom, as contemplated by the county, would not be consistent with the original dedication thereof and its subsequent use for road purposes. An appropriate order or decree may be prepared from this opinion.