293 So.2d 734 (1974)
Jeanette COPELLO, As Administratrix C.T.A. of the Estate of Georgette J. Copello, Deceased, Appellant,
v.
Clyde E. HART and Victoria A. Hart, His Wife, Appellees.
No. S-184.
District Court of Appeal of Florida, First District.
April 18, 1974.
Rehearing Denied May 17, 1974.
*735 Robert A. Meade, Jr., of Duffett, Barry & Seps, Ormond Beach, for appellant.
Wilson W. Wright, Tallahassee, for appellee.
JOHNSON, Judge.
By this appeal, plaintiff-appellant seeks reversal of an adverse final judgment in an action brought by her for damages arising from an alleged breach of a covenant of seisin by appellees.
The record on appeal conclusively demonstrates the following events and facts. In 1955, appellees herein conveyed by way of a mineral deed to the Fords all interest in and to all of the oil, gas and other minerals in and under some 4,460 acres of land, a portion of which is involved in the present suit. This deed was duly recorded. In 1965, the appellant's decedent and appellees entered into an agreement whereby an exchange of property would take place. A portion of the property to be conveyed to appellant's decedent (approximately 50 acres) included a portion of the tract upon which the Fords had been deeded mineral rights in 1955. In order to expedite the *736 closing, a representative of appellee furnished appellant's attorney an abstract. Said abstract revealed that Florida Farms Services, Inc. owned some mineral, oil and gas rights to the property to be conveyed by appellees. No reference to the 1955 Ford deed was made in this abstract. On May 10, 1965, appellees executed and delivered to appellant's decedent a statutory warranty deed conveying some 83 acres of property. After a description of the property to be conveyed by appellees, the warranty deed contained the following recitation: "Said lands being approximately 83 acres more or less, and subject to any Road Rights-of-way, Reservations or Easements that may be of Record." Then, in bolder face and larger size type, the following words appear: "Subject to Oil and Gas reservations of Record." In November of 1965, Florida Farms Services, Inc. released by quitclaim deed all of its oil and mineral rights in the subject property to appellant's decedent. Such rights are not involved in this litigation.
Approximately one year after the closing of the agreement between appellant's decedent and appellees, a replacement abstract was furnished to appellant's decedent. It was then that the appellant became aware of the Ford mineral deed which included a portion of the land conveyed by appellees to appellant's decedent. Appellant thus brought this suit against appellees for breach of the covenant of seisin. After hearing and considering a large amount of testimony and exhibits, the trial court entered its final judgment in favor of appellees. Hence, this appeal by plaintiff-appellant.
A covenant of seisin is an assurance that the grantors (the appellees herein) have the very estate in quantity and quality which they purport to convey, and a breach, if any there be, occurs immediately upon the execution and delivery of the conveyance. Burton v. Price, 105 Fla. 544, 141 So. 728 (1932). Thus, in a suit claiming a breach of the covenant of seisin, the primary issue becomes one of determining exactly what the grantors "purported to convey."
There can be no doubt that minerals, gas and oil are distinct and separate properties which may be conveyed separately from the surface and that when the surface estate and the mineral estate are severed, they remain separate and independent. Possession of one does not carry with it possession of the other. Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); Thompson on Real Property, Vol. 6, § 3462; 54 Am.Jur.2d, "Mines and Minerals", § 116. Nor can the grantee of the surface estate base his claim of breach of the covenant of seisin on a repugnancy between the habendum (granting) clause and the reddendum (limiting) clause of the deed of conveyance. The modern tendency is to ignore the technical distinctions between the various parts of a deed and to seek the grantor's intention from them all without undue preference to any. Both the habendum and reddendum clauses are deemed to be of equal dignity and are read together and allowed effect and operation, the latter limiting and modifying the former so as to effectuate the intent of the grantor as disclosed by the whole instrument. 23 Am.Jur.2d, "Deeds", §§ 39 and 169. In other words, a reservation or exception of mineral or other subsurface rights is valid against the objection of repugnancy to the covenants of title in the deed. 157 A.L.R. 489.
With these principles of law as a guide, we then consider the issue which is dispositive of this case: What did appellees purport to convey to appellant's decedent? The deed on its face conveys some 83 acres of land subject to reservations, etc. that may be of record and subject to oil and gas reservations of record. It is thus clear that the grantors herein intended and purported to convey a fee simple estate in the premises with the exception of previously recorded rights and interests in the premises.
*737 The two cases cited in the appellant's brief[1] for the proposition that there is a breach of a covenant of seisin where a grantor has no title to the minerals under land sold via a warranty deed are distinguishable from the case now before this Court. In neither case was there an attempt to reserve or except the mineral rights from the conveyance. In fact, in the case of Beulah Coal Mining Co. v. Heihn, 46 N.D. 646, 180 N.W. 787 (1920), the grantors specifically conveyed mineral rights which they did not have, while reserving to themselves the title to the surface of the lands.
While this Court certainly recognizes that there is a well-defined technical distinction between the terms "reservation" and "exception", it also recognizes that the use of one or the other of the terms is not conclusive as to the nature of the grant. The technical meaning must yield to the manifest intention of the parties. As stated in 10 Fla.Jur., "Deeds", § 180, since the two terms "reservation" and "exception"
"... are used interchangeably, little weight is given to the fact that the grantor used one or the other. The intention of the parties, and not the use of the terms, is the primary consideration in determining whether a clause should be regarded as an exception or reservation."
Also see Florida East Coast Ry. Co. v. Worley, 49 Fla. 297, 38 So. 618 (1905) and 23 Am.Jur.2d, "Deeds", § 276.
It should also be pointed out here that the facts of this case illustrate that the grantee herein was put on notice before accepting the deed that the term "reservation" was not to be given its technical meaning. It was revealed in the first incomplete abstract that Florida Farms Services, Inc. held a mineral "reservation". Thus, it cannot now be asserted that the grantee relied upon the technical distinction between a "reservation" and an "exception", inasmuch as Florida Farms was a stranger to the deed between appellant's decedent and appellees.
A "reservation" or an "exception" in a deed is sufficient to give notice of a stranger's claim to that which is purportedly "reserved", and will protect the grantor on his covenants to the extent of any existing right or claim thereby recognized in the stranger. 23 Am.Jur.2d, "Deeds", §§ 279, 280. An "exception" or "reservation" does not need the certainty of a grant to disclose a recognized adverse claim to the grantor's title. A "reservation", so called, of existing rights in the premises in a stranger is in fact an exception of those rights from the operation of the grant, and the same is effectual to qualify and limit the grantor's covenant of seisin. The "reservation" is a recognition of an existing right, if there is one, against which the grantor does not warrant title. 88 A.L.R.2d 1212, 1225.
The deed in question having qualified the grant by making it subject to "reservations" of record, and especially oil and gas reservations of record, and the Ford mineral deed having been duly recorded, there was no breach of the grantors' covenant of seisin. The grantors had and conveyed the very estate in quantity and quality which they purported to convey  a fee simple title to some 83 acres subject to reservations of record. The judgment entered below in favor of the grantors is therefore AFFIRMED.
SPECTOR, Acting C.J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Eli v. Trent, 195 Ky. 26, 241 S.W. 324 (1922); Beulah Coal Mining Co. v. Heihn, 46 N.D. 646, 180 N.W. 787 (1920).