328 So.2d 471 (1976)
Felipe A. VALLS and Elias G. Elias, Appellants,
v.
ARNOLD INDUSTRIES, INC., et al., Appellees.
PEERLESS INVESTMENT CORPORATION, Appellant,
v.
ARNOLD INDUSTRIES INC., et al., Appellees.
Nos. 75-769, 75-770.
District Court of Appeal of Florida, Second District.
March 3, 1976.
Rehearings Denied April 5, 1976.
*472 William D. Jones, Jr., Jacksonville, for appellants.
C. Jeffery Arnold, of Arnold, Matheny & Eagan, P.A., Orlando, for appellees.
GRIMES, Judge.
This case involves a post-condemnation award apportionment dispute between certain fee title landowners and the owners of reserved mineral rights.
*473 The Southwest Florida Water Management District initiated condemnation proceedings to acquire 101.70 acres of land owned by appellants, Valls and Elias, and 80.28 acres of land owned by appellant, Peerless Investment Corporation. The appellees were joined as defendants because they owned an undivided 15/16ths interest in all oil, gas and other minerals in each of the parcels, together with an easement for ingress and egress and such other rights as required for the development of the minerals. In the course of the proceedings, all parties agreed on the total value of the properties, and a jury was impaneled to return the agreed amount of the compensation awards to be paid by the condemning authority. Thereafter, the court held a hearing for the purpose of determining an apportionment of the award between appellants and appellees.
One of the appellees testified concerning the value of the mineral rights in each parcel. A real estate appraiser gave an opinion of the value of these rights predicated in large part upon ten comparable sales of mineral rights in nearby properties. Appellees also presented evidence of mineral rights leases previously executed by them to an oil company for a dollar per acre per year, though at the time of the suit these leases had expired. There was no testimony of the actual presence of minerals in the land, and appellees admitted that they had never had the land explored for minerals. No one testified to what the parcels were worth as encumbered by the mineral reservations. The land was unimproved. The court ultimately entered a judgment apportioning the condemnation award as follows:

 PARCEL 103
 Valls and Elias $48,430.00
 Arnold Industries, Inc., et al. 6,570.00
 PARCEL 417
 Peerless Investment Corporation $28,934.00
 Arnold Industries, Inc., et al. 5,185.00

The allocation to appellees was in the precise amount of the values stated by the appraiser.
It is well settled that minerals, gas and oil are distinct properties which may be conveyed separately from the surface. Copello v. Hart, Fla.App. 1st, 1974, 293 So.2d 734. Where a fee in minerals is severed from the fee in the surface, it is subject to separate taxation. Dickinson v. Davis, Fla. 1969, 224 So.2d 262. Water, oil, minerals and other substances of value which lie beneath the surface are valuable property rights which cannot be divested without due process of law and the payment of just compensation. Koch v. Pinellas County, 6th Cir.Ct. 1953, 5 Fla. Supp. 116. See 2 Nichols on Eminent Domain, § 5.78(3), Revised Third Edition.
However, appellants contend that in the absence of prospecting data or other evidence tending to show the presence of minerals in the land, appellees were not entitled to any portion of the condemnation awards. In support of this position, appellants cite Board of Com'rs of State Inst. v. Tallahassee B. & T. Co., Fla.App. 1st, 1958, 100 So.2d 67, in which the court said:
"... To warrant admission of testimony as to the value for purposes other than that to which the land is being put, or to which its use is limited by ordinance at the time of the taking, the landowner must first show: (1) that the property is adaptable to the other use, (2) that it is reasonably probable that it will be put to the other use within the immediate future, or within a reasonable time, (3) that the market value of the land has been enhanced by the other use for which it is adaptable." (Emphasis added.)
Our court quoted this proposition of law with approval in Swift & Company v. Housing Authority of Plant City, Fla.App. 2d, 1958, 106 So.2d 616. In the latter case, the owner of both the surface and the minerals *474 was permitted to offer evidence of phosphate prospecting data as bearing upon the value of the land providing it could be shown that there was a reasonable probability that an existing ordinance against mining the property would be changed.
In essence, appellants argue that since the jury award could not have been enhanced by the value of subsurface mineral interests without evidence that there were valuable minerals under the surface, the court should have applied a similar rule in the apportionment proceedings so as to preclude appellee from a recovery for the value of their mineral rights. We cannot agree with this contention.
In Florida, the compensation for property being appropriated by eminent domain is first determined by a jury. Fla. Stat. § 73.071 (1975). The verdict must specify the amount to be paid for each parcel, and when severance damages are sought, these amounts shall be separately stated. Fla. Stat. § 73.081 (1975). Where there are conflicting claims to the amount awarded, the court, upon appropriate motion, is authorized to determine the rights of the interested parties with respect to the amount which is awarded for each parcel. Fla. Stat. § 73.101 (1975). At this hearing, the court must consider the value of each interest in the property, but the sum of the several awards to the parties cannot exceed the total amount of the condemnation verdict.
It is well known that severed mineral rights are bought and sold in the market place, and as reflected by this record where accompanied by the right to explore and extract the minerals, they often command a substantial price. True it is that the practical effect of the court's ruling was to diminish the amount which the appellants received for the taking of their fee interest in the properties, but they are in no position to complain. Their ownership in the property without the mineral rights was not as valuable as if they had full ownership of the surface and the minerals.
It makes no difference that without evidence of the likelihood of minerals in the property, the jury would not have been entitled to consider the speculative possibility that the property might be more valuable because of the existence of minerals. Our Constitution guarantees that no private property shall be taken except for a public purpose and "with full compensation therefor paid to each owner." Fla. Const. art. X, § 6. Appellees lost their mineral rights by condemnation, and the testimony demonstrated that these severed rights had an ascertainable market value in spite of the fact that no one knew whether the subject parcels contained any minerals. Since there was competent substantial evidence to support the amount of the awards to appellees, the judgment must be
AFFIRMED.
BOARDMAN, A.C.J., and SCHEB, J., concur.