349 So.2d 216 (1977)
JUPITER INLET CORPORATION, a Florida Corporation, Appellant,
v.
The VILLAGE OF TEQUESTA, a Florida Municipal Corporation, and Thomas J. Little, William E. Leone, William J. Taylor, Dorothy M. Campbell and Almeda A. Jones, Town Councilmen of the Village of Tequesta, Appellees.
No. 76-783.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Paul C. Wolfe and Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellant.
John C. Randolph of Johnston, Sasser & Randolph, West Palm Beach, for appellees.
*217 GREEN, OLIVER L., Associate Judge.
This is an appeal from a summary final judgment in favor of appellee, The Village of Tequesta. In granting the summary judgment the trial court stated that it was considering any factual conflicts in the light most favorable to the appellant, Jupiter Inlet Corporation. So the summary judgment, in effect, was a determination by the trial court that Jupiter Inlet's complaint failed to state a cause of action.
The legal issue is whether a municipality may be held responsible to an owner when it takes water for a public purpose from the shallow aquifer underneath the owner's land, to the extent that it deprives the owner of the beneficial use of the shallow aquifer. We hold that in such a case a municipality may be held responsible through inverse condemnation, and further that the plaintiff in this case has alleged sufficient facts to state a cause of action.
Viewing the facts in the same light as did the trial court, it appears that appellant Jupiter is the owner of certain land upon which it built condominium apartments. Tequesta owns and operates a well field in close proximity to Jupiter's property. Pumping by Tequesta from the well field has depleted the fresh water in the shallow aquifer in the vicinity of the wells and also underneath Jupiter's land. The withdrawal of fresh water by Tequesta caused a salt water intrusion into the shallow water aquifer under Jupiter's land, making it unfit for use as a water source. Jupiter had intended to use its shallow aquifer as a source of potable water for its condominium apartments. Because of the loss of its shallow water aquifer, Jupiter is required to obtain its water at a much greater expense from the deeper Floridan aquifer. The water taken by Tequesta was used by the municipality for a public purpose.
The right of a governmental entity to take private property is limited.
No private property may be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit in the registry of the court and available to the owner. Article X, Section 6(a), Florida Constitution.
When a governmental entity takes private property for a public purpose without the formal exercise of the power of eminent domain, the aggrieved property owner has a cause of action for inverse condemnation. City of Jacksonville v. Schumann, 167 So.2d 95 (Fla. 1st DCA 1964).
Because there is no constitutional requirement that the government pay for damage done to private property, as opposed to taking private property, much hinges on how the word "take" is interpreted. Florida courts have not, over the years, been in consistent agreement on this matter, particularly where  as in this case  there was no actual entry by the governmental authority on the owner's land. It seems apparent, however, that when something is removed from its owner's property by a governmental agency and put to a public use, it has been taken. The owner has been deprived by government action of the use and enjoyment of what was his, and so through a suit in inverse condemnation he can compel the government to pay for what it has taken. Compare: State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941); White v. Pinellas County, 185 So.2d 468 (Fla. 1966).
The shallow aquifer beneath the surface of land is a form of private property, the beneficial use of which the owner of the land cannot be divested by the government for a public purpose without due process of law and the payment of full compensation. See Valls v. Arnold Industries, Inc., 328 So.2d 471 (Fla. 2d DCA 1976). That is true whether agents of the government actually physically enter upon the owner's property in order to take the water from the aquifer or whether they draw off the water from beneath the owner's land by pumping. In either event, the owner has been deprived of the beneficial use of his property by government action for a public purpose.
We conclude that the trial court should not have granted summary judgment and that Jupiter has alleged sufficient facts to state a cause of action for inverse condemnation.
*218 Pursuant to Article V, Section 3(b)(3) of the Florida Constitution we hereby certify to the Supreme Court as a matter of great public interest, the following question:
Can a municipality be held responsible through inverse condemnation for a taking, from private ownership for public purposes, of underground shallow aquifer water, to the extent that the owner is deprived of the beneficial use of the aquifer?
REVERSED and REMANDED for further proceedings consistent with this opinion.
ALDERMAN, C.J., and DOWNEY, J., concur.